## V. G. Nelson v. The State.

### No. 8597.   Decided April 2, 1924.

**Unlawfully Operating Motor Vehicle—Validity of Statute.**

Where appellant was convicted of unlawfully operating a motor vehicle upon a public street while under the influence of liquor in an appeal therefrom to this court contending that the law was void and inoperative because it did not state an offense in certain plain and intelligible language as that it can be understood, held that the Act in question is valid and the conviction is sustained.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. C. A. Pippen.

Appeal from a conviction of unlawfully operating a motor vehicle on a public street while under the influence of liquor; penalty, a fine of $200.00.

The opinion states the case.

*Mays, Chaney & Dailey*, for appellant.—Cited: Cogdell v. State, 193 S. W. Rep., 675; Griffin v. State, 218 id., 494; Russell v. State, 228 id., 566; Snyder v. State, 230 id., 146; Ex Parte Leslie, 223 id., 227.

*Tom Garrard*, Attorney for the State, and *Grover C. Morris*, Assistant Attorney for the State.

MORROW, PRESIDING JUDGE.—Appellant was convicted of unlawfully operating a motor vehicle upon a public street while under the influence of liquor; punishment assessed at a fine of two hundred dollars.

The record is before us without statement of facts or bill of exceptions. The indictment is regular. No error has been pointed out or discovered.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

May 28, 1924.

LATTIMORE, JUDGE.—The only contention made in appellant's motion is that the law under which this conviction was had is void and inoperative because it does not state an offense in such plain and intelligible language as that it can be understood. The Act in question is as follows:

"It shall be. unlawful for any person to drive or operate an automobile or any motor vehicle upon any street or alley or any other place within the limits of any incorporated city, town or village in this State or upon any public road or highway in this State while such person is intoxicated or in any degree under the influence of intoxicating liquor."

We do not think this statute lacking in plainness or intelligibility, or that it is open to the complaint of appellant. It plainly prohibits the driving or operation of any motor vehicle within the limits of any incorporated city or town or public highway in this State by any person who is under the influence of intoxicating liquor. It does not attempt to fix any limit as to the amount of intoxication that will be permitted, but on the contrary prohibits any intoxication or the being under the influence of intoxicating liquor to any extent, by the driver or operator of such vehicle. The ordinary dangers incident to the operation of motor cars are well understood, and we think it well within the police power of the State having due care for the safety of citizens in incorporated town and cities or on public highways to forbid one under the influence of liquor to any extent to drive or operate such motor vehicle within such city or town, or upon such highway.

The motion for rehearing will be overruled.

*Overruled.*