V. P. Scoggins v. The State.

No. 8400.   Delivered November 19, 1924.

Rehearing denied December 17, 1924.

1.—Driving an Auto while intoxicated—Indictment—Sufficient.

The indictment in this cause is similar to that passed upon by this court in Nelson vs. State 261 S. W. Rep. 1046, in which both the law, and the indictment were held valid.

2.—Same—Charge of Court—Defining "Intoxication"—Not Called For.

The evidence is uncontradicted that the appellant was drunk, and was staggering. Under these circumstances the omission of the definition of the term "intoxicated" is not error requiring reversal.

Appeal from the Criminal District Court No. 2, of Dallas County. Tried below before the Hon. Chas. A. Pippen, Judge.

Appeal from a conviction for driving an automobile while intoxicated; penalty fine of one dollar, and confinement in the county jail for a period of ninety days.

*Hughes & Monroe,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is driving an automobile while intoxicated; punishment fixed at a fine of one dollar and confinement in the county jail for a period of ninety days.

The attack upon the indictment and the statute upon which the prosecution is founded is not unlike that passed on by this court in Nelson v. State, 261 S. W. Rep. 1046, in which both the law and the indictment were held valid.

The evidence was all one way to the effect that the appellant was drunk and was staggering. Under these circumstances the omission of the definition of the term "intoxicated" is not deemed error requiring a reversal.

Finding no error, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—It is urged that we were in error in holding that there was no reversible error revealed by the failure of the trial court to define the term "intoxicated."

There was no evidence for the appellant. One of the State's witnesses testified that while the appellant was driving his car and officers were trying to stop him, he came very near running over them. They finally stopped and arrested him. The witness said:

"The defendant was drunk. I smelled intoxicating liquor on his breath. When he got out of the car, we had to hold him up so he could walk."

Two other witnesses testified that the appellant was drunk. One of them said:

"At that time I would say he was drunk; he didn't walk very well, and he had no control of his eyes. It didn't seem like he could tell which way he was walking hardly. * * * I smelled intoxicating liquor on his breath; it smelled like corn whisky to me."

It may be conceded that "intoxication" may be of varying degrees. Under our statute, Art. 743, C. C. P., an omission in the charge of the court which is not calculated to injure the right of the accused does not warrant a reversal. Taking into account the undisputed evidence that the appellant was "drunk," this court would not be warranted in reversing the judgment because of its failure to define the term "intoxicated." "Drunk," as commonly understood, means the result of excessive drinking; a stage of intoxication depriving one of the normal control of one's bodily and mental faculties. See

Hughes v. State ex rel. Sutton, 98 N. E. 839; 50 Ind. App., 617; Paris v. Robinson, 104 Texas Rep. 482; also 127 S. W. Rep. 294; Words & Phrases, 2nd Series, Vol. 2, p. 156.

In the light of the record, we are constrained to overrule the motion for rehearing. It is so ordered.

*Overruled.*