## FRANCISCO RODRIGUEZ V. THE STATE.

No. 10085. Delivered April 7, 1926.

### 1.—Driving Auto While Intoxicated—Evidence—Held Sufficient.

While there was some evidence which seemed to doubt that appellant was intoxicated or under the influence of intoxicants while driving the auto, the evidence of the state was of a positive character, and was accepted by the jury, and no reason appears for disturbing the verdict.

### 2.—Same—Evidence—Properly Admitted.

Where, on a trial for driving an automobile while intoxicated, the state was permitted to prove that after the collision of appellant's car, and two other cars, a bottle of tequila, and a soda water bottle, and a stopper which had blood on it were found at the place of collision, this evidence was properly received, and especially so in view of appellant's testimony in which he admitted having the tequila and stopper in the car before the collision.

Appeal from the District Court of San Patricio County. Tried below before the Hon. T. M. Cox, Judge.

Appeal from a conviction for driving an automobile on a public highway while under the influence of intoxicating liquor, penalty a fine of $100.00 and thirty days in the county jail.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of San Patricio County for driving an automobile on a public highway while under the influence of intoxicating liquor, punishment fixed at a fine of $100.00 and thirty days in the county jail.

There are three bills of exception, two of which complain of the refusal of the court to instruct a verdict for the defense. We have carefully reviewed the record and are of the opinion that same shows sufficiently that appellant was under the influence of intoxicants at the time he drove the car in question; also that the evidence sufficiently showed that appellant was the driver of said car on the occasion in question; also that the fact that a state witness used certain expressions, such as that he did not observe anything in the conduct of appellant to indicate that he was otherwise than normal, would not be sufficient to overcome the other testimony showing that appellant was in fact intoxicated.

The remaining bill of exceptions complains of the introduction in evidence of the fact that some little time after the collision between appellant's car and two other cars, which led to the arrest and prosecution in this case, a bottle of tequila and a soda water bottle, and a stopper which had blood on it, were found at the place where the collision took place. We are not in accord with the proposition that this evidence was too remote or that it did not have probative force. If we understand the testimony of appellant he had in the soda water bottle a brand of tequila called Jose Quervo. He also testified that he threw the bottle out of the car on the causeway and that he had in it a tequila stopper.

Finding no error in the record, the judgment will be affirmed

*Affirmed.*