## J. E. STEWART V. THE STATE.

### No. 10952.   Delivered October 26, 1927.

### Rehearing denied November 23, 1927.

**1.—Driving an Auto While Intoxicated—Statute Held Valid.**

Our statute denouncing as an offense the driving of an automobile by a person while intoxicated has been upheld by this court in several cases. See Nelson v. State, 97 Tex. Crim. Rep. 210, and other cases cited in original opinion. Distinguishing Griffin v. State, 218 S. W. 494.

**2.—Same—Indictment—Motion to Quash—Improperly Presented on Appeal.**

Where appellant filed a motion to quash the indictment in the court below, but on appeal the record fails to show what, if any, action was taken thereon, and there is no bill of exception complaining of the overruling of said motion, nothing is presented to this court for review.

**3.—Same—Charge of Court—No Error Shown.**

Where appellant excepted to the court's charge for its failure to define the degrees of intoxication, no testimony is discovered in this record to warrant such a charge. The issue as to whether or not appellant was sober or intoxicated was properly presented to the jury and the charge in this respect was sufficient.

**4.—Same—Statute Construed.**

Our statute denouncing the driving of an automobile by one who is intoxicated has no qualifications, making it necessary to constitute the offense that the accused must do or fail to do something as a result of the intoxication.

**5.—Same—Evidence—Acts and Conduct of Accused—Rule Stated.**

On a trial for driving an automobile while intoxicated, the acts and conduct of the accused, which are germane, are properly received in evidence, and there was no error in the instant case in admitting testimony showing that appellant ran into and struck another car, and that one of the occupants of such car was killed; such act being a part of the res gestae, and pertinent in showing appellant's intoxication at the time.

**6.—Same—Evidence—Properly Received—No Error Shown.**

Where the evidence for the state showed that appellant was driving his car sixty or sixty-five miles an hour on the highway between Port Arthur and Beaumont, and in quick succession struck two cars, an occupant of the second car being killed, this testimony was properly admitted.

**7.—Same—Bills of Exception—In Question and Answer Form—Not Considered**

Appellant brings forward several bills of exception in question and answer form. Under the statute, and repeated decisions of this court, such bills cannot be considered.

**8.—Same—Charge of Court—On Issue Not Raised—Properly Refused.**

There being no evidence in this case which even suggested that appellant was only slightly under the influence of intoxicating liquor, there was no error in the refusal of the trial court to submit such issue in his charge.

Appeal from the District Court of Jefferson County. Tried below before the Hon. Geo. C. O'Brien, Judge.

Appeal from a conviction for driving an automobile while intoxicated, penalty thirty days in the county jail.

The opinion states the case.

*Cross & Johnson* of Port Arthur, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for driving automobile while intoxicated, punishment thirty days in the county jail.

The statute, for a violation of which this conviction was had, has been considered and up held by us in several cases. Nelson v. State, 97 Tex. Crim. Rep. 210; Scoggins v. State, 98 Tex. Crim. Rep. 546, 266 S. W. 513; Williams v. State, 100 Tex. Crim. Rep. 50. We find nothing in Griffin v. State, 218 S. W. 494, in conflict with this view.

Appellant filed a motion to quash the indictment, but if same was ever brought to the attention of the trial court, or any action taken thereon, the record fails to show same. There is no bill of exceptions complaining of the overruling of such motion.

Appellant argues at length the lack of evidence to show that he was intoxicated at the time of the alleged driving of his car. We have gone through the record carefully and are of opinion that same amply supports the jury's conclusion of guilt. The issue of intoxication was strongly combated and amply sustained. We would not feel like disturbing the settlement of a fact issue by the jury, if same be supported by the amount of testimony we find in this record.

Appellant excepted to the charge for not defining degrees of intoxication. If there could arise need for such definition in a case of this character, nothing of that kind appears here. The state witnesses testified that appellant was drunk. He and his witnesses said that he was sober and in no sense under the

influence of intoxicating liquor. This sharp fact issue being before the jury, we see no need for such charge. Williams v. State, 100 Tex. Crim. Rep. 50.

Appellant sought to have the jury told by a special charge that they should acquit "Unless he did or failed to do some act or thing in the operation of such automobile, that he would not have done but for the drinking of such liquor." This is not the law. The law does not withhold its forbiddance until an intoxicated man on the highway kills somebody or wrecks his own or some other car. If he is drunk, or is under the influence of intoxicants, he is forbidden to drive an automobile on a public highway in this state, and the law is violated when he does so drive his car, as much if he keeps the middle of the road as if he wrecks a dozen cars.

Certainly the acts and conduct of the accused at the time specified, in a case like this, become germane as shedding light on the issue of his intoxication, and the fact that as a result of his acts another car was struck and one of its occupants killed, would not per se render inadmissible testimony of such death if a part of the res gestae of the acts showing his intoxication. The court below gave a special charge telling the jury that they could not consider the evidence in this case showing such death, nor the damage to the cars, etc., etc., except as affecting the credibility of the witnesses and their testimony regarding appellant having driven a car while under the influence of intoxicating liquor. If appellant had any right to such instruction, it was safeguarded by giving same.

The evidence for the state showed that appellant was driving his car sixty or sixty-five miles an hour on the highway between Port Arthur and Beaumont, and that in quick succession he struck two cars, an occupant of the second car being killed. We find in the testimony of a number of witnesses reference to the death of the boy, and the dead boy, etc., etc., which testimony was mingled and mixed with other testimony developing the res gestae of the accidents. We nowhere find any specific objection made to proof of the fact that the boy was killed.

A number of bills of exception are in question and answer form and hence cannot be considered, bills of exceptions Nos. 5 and 6 being in this form. In them appellant seeks to present his objection regarding his having been formerly charged with drunkenness, and having had trouble with officers. We cannot consider these objections in the form presented. Appellant's

counsel present an able and exhaustive brief, which has been examined and considered.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files a motion for rehearing formidable in appearance and lengthy in statement, each proposition in which has been carefully considered. The evidence is set out at length in the motion, but, as we view it, the proposition attempted to be supported by the lengthy statement of testimony is not in the case. Nothing in our opinion holds that the only issue of fact before the jury was whether appellant was drunk or not. No witness swore that he was slightly under the influence of intoxicants, or that he was only to a limited degree affected by liquor. He and his witnesses denied that he had had any intoxicant, or was at all under the influence of liquor, and the state witnesses affirmed that he was drunk. We merely said there being no testimony raising the issue that he was slightly under the influence of intoxicants, the court did not err in refusing to attempt to define to the jury the issue of degrees of intoxication. Same was not involved in this case, nor do we think it can ever properly be in such a case. Williams v. State, 100 Tex. Crim. Rep. 50, 271 S. W. 628.

The court told the jury that if appellant was under the influence of intoxicants at the time he was driving his car on the public highway, and the jury so found, he should be convicted. This was the law applicable to the second count in the indictment, under which the trial was had.

The other propositions advanced by appellant were all discussed at length in our former opinion, and, as we think, correctly decided.

Being unable to agree with the contentions made, the motion for rehearing will be overruled.

*Overruled.*