### P. D. BROWN v. THE STATE.

No. 11085.   Delivered November 30, 1927.

**1.—Driving Auto While Intoxicated—Evidence—Held Insufficient.**

Where, on a trial for driving an automobile on a public highway while intoxicated or under the influence of intoxicating liquor, state's witnesses testified that appellant was, in their opinion, intoxicated at the time of his collision with another car, but predicated their opinion on his acts and conduct just after the accident.

**2.—Same—Continued.**

Appellant contended, and was supported by the evidence, that he was seriously injured in the collision, and rendered unconscious, and that his acts and demeanor on recovering consciousness was due to his injury, and not to the use of intoxicants, these facts create a serious doubt as to the sufficiency of the evidence to sustain the conviction, and the judgment is reversed and the cause remanded. Following Chairez v. State, 98 Tex. Crim. Rep. 433.

Appeal from the District Court of Harrison County. Tried below before the Hon. P. O. Beard, Judge.

Appeal from a conviction for driving a motor vehicle along a public highway while intoxicated or under the influence of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*George L. Huffman* of Marshall, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is driving an automobile while intoxicated, punishment fixed at confinement in the penitentiary for one year.

The prosecution is under Art. 802, P. C. 1925, which penalizes the act of one driving a motor vehicle upon any public highway while the person is intoxicated or under the influence of intoxicating liquor. Without stating but merely summarizing the facts as they appear in the record, the following statement is made: Morris, the owner of a Ford automobile in which he and others were traveling, stopped on the right-hand side of a public road where it passed the house of Homer Speer. While standing there, the appellant's car ran into it from the rear. The impact drove Morris' car into the ditch and injured it, but none of the occupants of the car were seriously hurt. The appellant's car turned over and was wrecked. He was pinned under it and remained there for some time, but was extricated by Morris, his companions and others who had assembled after the collision. Several witnesses expressed the opinion that the appellant was intoxicated. Detailing the conduct of the appellant upon which the opinion was formed, they related that he was pinned under the car; that he was unconscious and thought to be dead; that upon recovering he staggered and was confused, starting first in one and then in another direction; that while on the way to jail in the car of an officer, appellant tried to lie down, claiming that he was hurt; that he was carried down the steps from the police station by the officer.

In his testimony appellant claimed the collision was caused by the blinding effect of lights from approaching cars and the location of Morris' car on the road. The state's evidence showed that the road was one on which an average of twelve cars a minute passed the point where the collision occurred, and that on that night (Sunday night), the road was traveled by many cars. Appellant denied the use of intoxicants, and in this he was supported by his employer. Appellant testified that he was rendered unconscious by the collision; that he did not remember his release from the overturned car or the incidents immediately connected with his release. He said he was injured and continued to suffer therefrom.

The evidence in the case, in its effect, is not dissimilar from that before the court in the case of Chairez v. State, 98 Tex. Crim. Rep. 433.  In the instant case, the only testimony upon which the witnesses who claimed that the appellant was drunk comes from their conclusion from his acts subsequent to the collision and the injury which he received.  All of the circumstances upon which the unfavorable conclusion was reached by the state's witnesses are quite as consistent with his innocence as with the guilt of the appellant, that is, all his acts harmonize with his theory that his confused, staggering and helpless condition was due to the injury rather than to intoxication.  The testimony was direct that there was no whiskey about the car. But one of the witnesses claimed to have noticed the odor of whiskey.  On that subject it was said by this court in the Chairez case (98 Tex. Crim. Rep. 435), as follows:

"So explained the only testimony left to the state is that the smell of liquor was upon appellant's breath.  This was denied by appellant and his witnesses, but conceding the testimony of the state's witnesses to be true in this respect, we are not willing to say that under all the facts of the case it shows appellant to have been driving an automobile at a time when he was so drunk, or to any degree intoxicated."

The main fact upon which the culpability of the appellant depends is his intoxication.  The opinion of the state's witnesses upon that subject rests alone upon the accuracy of the inference they drew from the facts which they related touching the conduct of the accused after he was injured.  The facts so related, as stated above, are inconclusive, especially when tested by the law pertaining to circumstantial evidence.  The evidence, as a whole, leaves this court in such doubt touching its sufficiency to support the verdict that it does not feel warranted in sustaining the conviction, but is of the opinion that the appellant's motion for new trial should have been granted.

For the reasons stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*