OSCAR NUNN v. THE STATE.

No. 12181.    Delivered June 12, 1929.
Reported in 26 S. W. (2d) 648.

The opinion states the case.

*Tom Whipple* of Waxahachie, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for driving a motor vehicle upon a public highway while intoxicated; punishment, a fine of $100.00 and sixty days in jail.

The evidence seems in a condition of a conflict, revolving around the question as to whether the appellant was intoxicated or not. There is no dispute of the fact that he was driving an automobile upon a street in the incorporated town of Waxahachie, and while so doing he collided with two other cars. A number of witnesses testified that he was drunk at the time. A number of other witnesses who saw him shortly before the collision testified they observed nothing out of the ordinary in his conduct. The question being whether he was intoxicated or not, and this being an issue of fact for the jury, and they having decided it adversely to appellant, under the authorities we do not feel at liberty to revise their action. Nelson v. State, 261 S. W. Rep. 1046; Scoggins v. State, 266 S. W. Rep. 513; Williams v. State, 100 Texas Crim. Rep. 50; Stewart v. State, 299 S. W. Rep. 646.

Appellant requested a special charge instructing a verdict of not guilty upon the ground that the law under which this prosecution was had is so vague and indefinite as to make it obnoxious to the provisions of our Constitution, and he claims the court erred in refusing said requested charge. This but constituted an attack upon the law under which this prosecution was had. In the above authorities we have expressly upheld this statute and do not deem it necessary to discuss the matter further than to refer to the authorities.

There also appear in the record exceptions taken to the court's charge, which are as follows:

### 1st.

"Defendant excepts generally to the charge because same is based on Article 802 of the Penal Code and same is not an article in compliance with Articles 1 and 6 of the Penal Code.

### 2nd.

Specially excepting he says that the Article 802 is vague, indefinite, uncertain and does not, in plain language, describe or define the offense attempted to be charged.

### 3rd.

The statute fails to define drunkenness as used as consisting of degrees but assumes that there are degrees of intoxication."

These so-called exceptions but thus seek to attack the law, and none of them would be of any avail to the appellant under the authorities above referred to.

We have no authority, especially in a misdemeanor case, to raise objections to the charge of the court which do not appear in the exceptions thereto, and which were not further presented in the form of special charges. In the disposition made of the case the sufficiency of the expression in the statute "to any degree under the influence of intoxicating liquor" is not before the court and for that reason no authoritative announcement concerning the validity of the expression is made. It may be stated, however, that the appellant, through his counsel, contends that the language in question is indefinite to a degree that it offends against Article 6, P. C., which requires that penal offenses be definitely defined. We have heretofore stated that the term did not invalidate the statute but that the language quoted was of questionable sufficiency in an indictment and its use in a charge was of doubtful propriety. Williams v. State, 100 Tex. Crim. Rep. 50. Such is our present view.

The record presenting no matter for review which is regarded as error, the judgment is affirmed.

*Affirmed.*