― DAN FULLER v. THE STATE.

No. 13433.   Delivered June 18, 1930.
Rehearing denied November 19, 1930.
Reported in 32 S. W. (2d) 358.

The opinion states the case.

*Tom P. Scott* of Waco, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for driving an automobile upon a public highway while intoxicated; punishment, ninety days in the county jail.

The indictment in this case charges that appellant operated his automobile upon Franklin Avenue, a street within the limits of the incorporated City of Waco, he being then and there intoxicated, and in a degree under the influence of intoxicating liquor. The testimony in the case showed without dispute, by a number of witnesses, that appellant was drunk at the time of such operation.

There are three bills of exception, the first of which complains of an argument of the State's attorney who stated to the jury "There are some things about this case that you are not permitted to know, because of what we term technicalities." This is all the bill contains. We do not think the statement put before the jury any obviously hurtful fact, there being no intimation of what things are referred to, but it seems a matter for regret that such argument should be made and the records encumbered with such complaints.

The second bill complains of a statement of the State's attorney to the effect that he said to the jury that there are two kinds of criminals, one who makes a mistake and comes into court and pleads guilty, "that was the kind of a man you tried this morning." The bill is qualified by the court's statement that his attention was first called to the remarks by the presentation to him of a special charge to the jury, which he gave. From the qualification further we conclude that the court felt himself not advised as to whether the

matters set up in the bill of exception were true or otherwise. He states that no proof was made except that defendant offered his motion in evidence and the State offered its controverting answer thereto. We find nothing tangible in the bill of exception showing any error.

The third bill of exception presents appellant's complaint of the fact that in the charge the court told the jury that if they believed from the evidence beyond a reasonable doubt that appellant was in a degree under the influence of intoxicating liquor, they should find him guilty, it being urged that the court does not define the meaning of the expression "being in a degree under the influence of intoxicating liquor." Appellant refers us to Nunn v. State, 26 S. W. (2d) 648. The Nunn case was much the same upon its facts as the case now before us, and presented substantially the same point, and was by this court affirmed. There being no question in this case but that the indictment alleged that the accused was intoxicated, and that the proof showed without dispute that he was intoxicated at the time he operated his car, we do not feel inclined to indulge in a discussion of the exception under consideration further than to say that if the words "in a degree under the influence of intoxicating liquor" be not defined and be indefinite, such fact could work no injury to the accused in this case under the facts and the charge given. The court told the jury that they must find appellant to have been intoxicated, in addition to the further instruction as to whether he was to any extent under the influence of intoxicating liquor. We are forbidden by the terms of Art. 666, C. C. P. to reverse cases for errors in the charge, unless same be capable of injuriously affecting the rights of the accused.

Finding no error in the record for which reversal should be ordered, the judgment will be affirmed.

*Affirmed.*

CONCURRING OPINION.

MORROW, Presiding Judge.—I think the words "or in any degree under the influence of intoxicating liquor," as contained in Art. 802, P. C., are too indefinite to define a criminal offense. The appearance of the words in the statute, however, does not vitiate it. See Williams v. State, 100 Tex. Cr. R. 50. The evidence in the present instance, without controversy, characterizes the accused as drunk. In the indictment it is charged that he drove an automobile upon a public street while he was intoxicated, and the jury was instructed in language to the same effect. Therefore, the use of

the words "in any degree under the influence of intoxicating liquor, so far as they affect the present case, is merely surplusage and could not affect the verdict.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In the motion for rehearing, the point stressed is that there was an absence of proof that the City of Waco was incorporated. Reference is made to Akin v. State, 23 S. W. (2d) 379, on the proposition that in this character of prosecution where the averment is that the offense was committed upon the streets of a city, there must be proof that the city was incorporated. In the present instance, the record shows that one of the witnesses testified as follows:

"I know where Franklin is located in the city of Waco. Franklin Avenue is within the corporate limits of the city of Waco. I know that."

This would seem to suffice as proof. However, it appears from the records in the office of the Secretary of State that Waco is an incorporated city; that it was incorporated under the enabling act to the Home Rule Amendment to the Constitution, which is Art 11, Sec. 5. In the enabling act of the Rev. Civ. Stat., 1925, Arts. 1173 and 1174, it is declared that courts shall take judicial knowledge of the terms of a charter of a city which is incorporated under the act mentioned. In fact, in Art. 1174, supra, it is said:

"When such charter or any amendment thereof shall be so recorded, it shall be deemed a public act and all courts shall take judicial notice of same and no proof shall be required of same."

The provision mentioned has been considered in Blackman v. State, 20 S. W. (2d) 783; City of Amarillo v. Tudor, et al., 267 S. W. 697. See also Dillon v. Whitley, 210 S. W. 329, in which the statutes mentioned are discussed and in which it is declared in substance that though the city charter does not accompany the statement of facts, the presumption will be indulged that the trial court was acquainted with its provisions. Touching the present record, however, it may be added that a certified copy of the charter of the City of Waco, with the various amendments thereof, is of record in the office of the Secretary of State.

Under the evidence, the fact that the appellant was drunk is not open to question.

The motion for rehearing is overruled.

<em>Overruled.</em>

HAWKINS, J., absent.