### Lonnie Herring v. The State.

No. 13434.   Dismissed June 11, 1930.
Appeal Reinstated June 26, 1930.
On the Merits October 8, 1930.
Rehearing Denied February 18, 1931.

The opinion states the case.

*Miller & Price,* of Waco, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is driving an automobile on a street in an incorporated city while intoxicated; the punishment, a fine of $150.00 and confinement in jail for 90 days.

The recognizance is fatally defective. It is recited therein that appellant stands charged with driving an automobile while intoxicated, and that he has been convicted of the offense of driving an automobile while intoxicated. We have no statute forbidding one, in terms, from operating a motor vehicle while intoxicated. In order to come within the prohibition of the statute, the accused must drive or operate such motor vehicle upon a street or alley or other place within the limits of an incorporated city, town or village, or upon a public road or highway within the State. Article 802, P. C.; Nicholson v. State, 110 Texas. Crim. Rep., 112, 7 S. W. (2d) 1075; McFadden v. State, 108 Texas. Crim. Rep., 166, 300 S. W., 54.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been exam--

ined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION TO REINSTATE.

CHRISTIAN, Judge.—The appeal was dismissed at a former day of the term because of an insufficient recognizance. A sufficient bond, properly approved, having been timely filed, the appeal is reinstated and the case will stand for later consideration on its merits.

*Reinstated.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON THE MERITS.

CHRISTIAN, Judge.—The appeal was dismissed at a former term, but later reinstated. The case is now considered on its merits.

The officer who arrested appellant testified that while drunk, appellant drove an automobile on a street in the city of Waco. The testimony of the officer was not controverted.

The record discloses that appellant entered a plea of guilty and that he was duly admonished by the court of the consequences of said plea. Appellant seeks now to challenge the sufficiency of the evidence. On a plea of guilty, the sufficiency of the evidence may not be challenged, except in a case in which the facts adduced are such as to show innocence or in which there is no legal evidence adduced. Crumbley v. State, 103 Texas Crim. Rep., 391, 280 S. W., 1064, and authorities cited.

Bill of exception No. 1 is concerned with the argument of the district attorney, wherein he stated that no one had challenged the statement of the officer that "no one got out of appellant's automobile." It is stated, as a ground of objection, that appellant did not testify and that no one else could have made the denial. It appears from the court's qualification of the bill that appellant's counsel had taken the position in argument that some one else might have been driving the car when the officer saw it. The statement of the ground of objection is not a certificate on the part of the trial judge that no one else could have denied that a person other than appellant got out of the automobile. A statement of a ground of objection is not a certificate of the judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. Branch's Annotated Penal Code, Section 209; Buchanan v. State, 107 Texas Crim. Rep., 559, 298 S. W., 569. The bill of exception is insufficient to manifest error. While the question is not before us for decision, it is doubtful if the bill would in

any event under the record here manifest error. Appellant pleaded guilty in the presence of the jury to driving the automobile under the conditions charged in the indictment.

Appellant's motion to quash the indictment was properly overruled. It was charged in the indictment that appellant was under the influence of intoxicating liquor when he drove the automobile. It was further averred that he was in a degree under the influence of intoxicating liquor. If the language "in any degree under the influence of intoxicating liquor" is so vague and indefinite as to make it obnoxious to the provisions of our Constitution, the use of such language did not have the effect of invalidating the indictment. Rejecting it as surplusage, the indictment still charges appellant with having driven his automobile while intoxicated. That part of the statute denouncing as an offense the driving of an automobile while intoxicated has been upheld. Nunn v. State, 114 Texas Crim. Rep., 487, 26 S. W. (2d) 648. See Article 802, P. C.

The proof was undisputed that appellant was drunk when he drove the automobile. Hence the fact that the court submitted that phase of the statute authorizing a conviction for driving an automobile while in any degree under the influence of intoxicating liquor would not, if error, warrant a reversal.

An examination of all of appellant's contentions leads us to the conclusion that error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE:—On the original hearing the record was made to appear that a plea of guilty was entered by the appellant. By the corrected transcript it is now made to show that the plea was not one of guilty.

Rutherford, an officer, testified in the most positive terms that about the 22nd of October, 1929, the appellant drove his automobile upon a public street while he was drunk. A doctor testified on behalf of the appellant to the effect that on the 27th day of October, he treated the appellant for delirium tremens, a malady due to the chronic use of alcohol which produces a form of insanity. The doctor said that his treatment of the appellant began some five days after the occurrence upon which the present transaction is founded and that he was not able to give an opinion as to the condition of his mind at that time as dis-

tinguishing between the right and wrong of the particular happening, but that in his opinion, at the time the appellant came under the observation of the witness he had been suffering from delirium tremens for three or four weeks. The doctor further testified that delirium tremens is a temporary form of insanity, that is, "if they quit drinking it will clear up eventually." "It also depends upon the condition of the patient." The doctor said that the appellant drank nothing while at the sanitarium, which was after the witness began treating him. At the time of the trial the doctor said that he regarded the appellant capable of distinguishing between right and wrong. The officer making the arrest testified to circumstances, that is, to words and acts of the appellant at the time of his arrest, which tended to show his ability to estimate the events at the time.

In bill of exception No. 1, the remark of counsel for the State is criticized as an indirect reference to the failure of the appellant to testify. From the bill it is doubtful whether the remark was shown to have violated the statute. However, as qualified, it appears to have been invited by the remarks of counsel for the appellant. An invited remark cannot be made the basis for a reversal. See Branch's Ann. Texas P. C., Sec. 363, and cases collated, among them, Baker v. State, 4 Texas Crim. App., 223; Martin v. State, 41 Texas Crim. Rep., 246, 53 S. W., 849.

The indictment is attacked as being based upon an invalid statute, and also as being duplicitous. Both claims are based upon the verbiage of Art. 802, P. C., 1925, wherein the following words appear: "Or in any degree under the influence of intoxicating liquor." The validity of the statute has been upheld, though the words mentioned, that is, "in any degree" have been regarded as surplusage and ought not to be embraced either in the indictment or the charge to the jury. The indictment charges that the appellant was intoxicated and in a degree under the influence of intoxicating liquor. It is not duplicitous. Only one offense is charged. The words "in any degree" are surplusage and should have been omitted from the indictment, but their presence, under the facts of the case, furnishes no ground for a reversal of the judgment.

In his charge to the jury the court instructed upon the law applicable to permanent insanity and temporary insanity due to the recent voluntary use of intoxicating liquor. The evidence is such as to support the propriety of each of the charges. The doctor who testified that the appellant was suffering from delirium tremens said that it was a form of temporary insanity due to alcoholism. However, he did not see the appellant until five days after his arrest. At the time of his arrest, the officer designated the appellant as drunk.

Finding no error in the record, the motion for rehearing is overruled.

*Overruled.*