RIP FARMER v. THE STATE.

No. 14472.   Delivered November 4, 1931.
Rehearing Denied December 9, 1931.

The opinion states the case.

*Shelton & Shelton,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The prosecution is under article

802, P. C., 1925, denouncing as an offense the driving of an automobile upon the public highway while intoxicated or under the influence of intoxicating liquor; penalty assessed at confinement in the penitentiary for a period of two years.

The indictment also charges that the appellant had previously been convicted of an offense of the same nature and sought, under article 62, P. C., an enhancement of the penalty.

In his charge, the court copied from the language of the statute as follows: "While such person is intoxicated or in any degree under the influence of intoxicating liquor."

In instructing the jury as to the authority for convicting the accused, the court used the following language: "* * * did then and there unlawfully drive or operate an automobile upon a certain street or streets within the city limits of Austin, an incorporated city in said County and State, while he, the said Rip Farmer, was then and there intoxicated or under the influence of intoxicating liquor, as charged in the indictment."

Touching the clause in the statute, "in any degree under the influence of intoxicating liquor", there are a number of expressions of this court indicating that it should not be used, either in the indictment or charge of the court.

In the case of Williams v. State, 100 Texas Crim. Rep., 50, it is said: "These words, though found in the statute, were not used in the indictment. We are therefore not called upon to discuss them. Their use in the statute, however, does not render it invalid in so far as it denounces as an offense *the driving of an automobile upon the public highway by a person who is intoxicated or under the influence of intoxicating liquor.*"

In the case of Nunn v. State, 114 Texas Crim. Rep., 487, 26 S. W. (2d) 648, it is said: "We have heretofore stated that the term did not invalidate the statute, but that the language quoted (to any degree under the influence of intoxicating liquor) was of questionable sufficiency in an indictment, and its use in a charge was of doubtful propriety."

Other cases are to the same effect, namely, that where the statute properly defines the offense, charging that the accused was intoxicated or under the influence of intoxicating liquor, and responsive to the evidence that issue was submitted to the jury, the fact that the additional words "to any degree under the influence of intoxicating liquor" are contained in the statute or in the indictment, is not of itself ground for annulling the conviction. See Nunn v. State, supra; Fuller v. State, 116 Texas. Crim. Rep., 310, 32 S. W. (2d) 558.

In the present case, the indictment properly charged the offense, and in submitting the case to the jury, the court defined it, omitting the clause, "to any degree under the influence of intoxicating liquor". The fact that the statute was copied in the general statement of the court's

charge embracing the definition of the offense is not regarded as warranting a reversal of the judgment.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The indictment averred that while intoxicated appellant operated an automobile upon the streets in the limits of the incorporated City of Austin.

Appellant objected to oral testimony to the effect that Austin was an incorporated city, on the ground that the same was hearsay, and that the best evidence of such incorporation was the charter of said city. Appellant relies upon Poole v. State, 102 Texas Crim. Rep., 451, 278 S. W., 212, and Akin v. State, 114 Texas Crim. Rep., 343, 23 S. W. (2d) 379. We think the authorities are not controlling in the present instance. Copies on file in the office of the secretary of state and the provisions of article 1173 and article 1174 of the Revised Civil Statute, 1925, authorize this court to take judicial knowledge of the fact that the City of Austin is an incorporated city. See Fuller v. State, 116 Texas Crim. Rep., 310, 32 S. W. (2d) 358; Blackman v. State (Texas Crim. App.), 20 S. W. (2d) 783.

Appellant's motion for rehearing is overruled.

*Overruled.*