## COY HALL V. THE STATE.

No. 15770. Delivered April 12, 1933.
Reported in 59 S. W. (2d) 160.

The opinion states the case.

*Hamilton, Fitzgerald & Grundy,* of Memphis, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Driving an automobile while intoxicated is the offense; penalty assessed at confinement in the county jail for a period of thirty days and a fine of fifty dollars.

The record is before us without statement of facts and bills of exception.

Objection was urged to the court's charge to the jury, paragraph 3 of which contains the following: "You are further instructed that if you find and believe from the evidence beyond a reasonable doubt, that on or about the 8th day of January, 1932, the defendant, Coy Hall, was intoxicated *or was under the influence of intoxicating liquor in any degree,* and while so intoxicated, if he was, he drove or operated a motor vehicle upon a public street, situated within the town of Memphis, an incorporated town situated in Hall County, Texas, then you will find the defendant guilty and assess his punishment at confinement in the penitentiary for any period of time not more than two years, or by confinement in jail for not more than ninety days, or by fine of not more than Five Hundred Dollars, or by both such fine and imprisonment in the County Jail, but if you do not so find and believe beyond a reasonable doubt, you will find the defendant not guilty."

That part of the charge underscored or italicized is made the subject of objection. The use of the words "in some degree under the influence of intoxicating liquor" has been held inadequate to charge an offense.

In the present instance, the words mentioned are not in the indictment but appear alone in the charge of the court in the connection quoted. Under such circumstances, it has been held that the words "in any degree" may be treated as surplusage. See Williams v. State, 100 Texas Crim. Rep., 50.

In the instant case, the evidence is not before this court, and it must be assumed, in the absence of a showing in the record to the contrary, that the evidence adduced upon the trial supported the averment in the indictment, namely, that the appellant was under the influence of intoxicating liquor. See Nunn v. State, 26 S. W. (2d) 648; Herring v. State, 35 S. W. (2d) 737; Farmer v. State, 43 S. W. (2d) 588.

The judgment is affirmed.

*Affirmed.*