## WILSON v. STATE.

No. 14755.

Court of Criminal Appeals of Texas.

April 12, 1933.

Gentry & Gray, of Tyler, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The offense is that defined in article 802, P. C. 1925, from which the following is quoted: "Any person who drives or operates an automobile * * * upon any public road or highway in this State while such person is intoxicated *or in any degree under the influence of intoxicating liquor,*" etc.

The sole question involved in this appeal is whether the indictment charges an offense. The part of the indictment which is relevant is in the following words: " * * * *Did then and there unlawfully drive and operate a motor vehicle,* to-wit, an automobile upon a public street within the limits of an incorporated city in this state, to-wit, upon North Fannin Street in the city of Tyler, Smith County, Texas, *while he, the said Loys Wilson, was then and there to some extent under the influence of intoxicating liquor.*"

The charge of the court followed the language of the indictment; that is to say, the jury was instructed to convict the accused if, while driving an automobile upon the highway, he was "*to some extent*" under the influence of intoxicating liquor.

In no previous case since the statute was enacted has this court found it necessary to pass directly upon the sufficiency of the averment in question.

In the case of Williams v. State, *100 Tex. Cr. R.* 50, 271 S. W. 628, the words "in any degree" were not used in the indictment, but the statute was attacked. It was held that their presence in the statute did not render it void. A like attack was made upon the statute with the same result in Nelson's Case, 97 Tex. Cr. R. 210, 261 S. W. 1046; likewise in Nunn's Case, 114 Tex. Cr. R. 487, 26 S.W. (2d) 648.

An indictment charging that the accused was intoxicated or under the influence of intoxicating liquor has been upheld although it contained an averment using the words "in any degree" under the influence of intoxicating liquor. See Wimberly v. State, 109 Tex. Cr. R. 581, 6 S.W.(2d) 120; Stewart v. State, 108 Tex. Cr. R. 199, 299 S. W. 646. Brown v. State, 108 Tex. Cr. R. 360, 300 S. W. 81; Rodriguez v. State, 104 Tex. Cr. R. 7, 282 S. W. 225; Boyd v. State, 106 Tex. Cr. R. 492, 292 S. W. 1112.

In the concurring opinion in Fuller v. State, 116 Tex. Cr. R. 310, 32 S.W.(2d) 358, 359, it is said: "The words, 'or in any degree under the influence of intoxicating liquor,' as contained in article 802, P. C., are too indefinite to define a criminal offense. The appearance of the words in the statute, however,

does not vitiate it. * * * In the indictment it is charged that he drove an automobile upon a public street *while he was intoxicated*, and the jury was instructed in language to the same effect. Therefore the use of the words 'in any degree under the influence of intoxicating liquor,' so far as they affect the present case, is merely surplusage, and could not affect the verdict."

A like case is Herring v. State, 117 Tex. Cr. R. 211, 35 S.W.(2d) 737.

 The conviction in the present case is based solely upon the phase of the statute italicized above, and is assailed upon the proposition that the words *"in any degree under the influence of intoxicating liquor,"* as they appear in the act of the Legislature, do not create a crime. Our statute, art. 6, P. C., declares inoperative an unintelligible law. Instances in which statutes or parts of statutes have been condemned as obnoxious to the statute mentioned are numerous. The rule is fundamental through the American and English jurisdictions. It was said by Lord Coke: "The acts of parliament ought to be plainly and clearly, and not cunningly and darkly, penned, especially in legal matters."

The interpretation of statutes is approached upon the presumption of their validity. They are not to be held invalid capriciously nor merely because of difficulty in ascertaining their meaning, but a statute cannot be enforced where its meaning cannot be determined by any known rules of construction. See Lewis' Sutherland on Statutory Construction (2d Ed.) Vol. 2, § 86, and notes. Among the specific instances in which statutes or parts of statutes have been declared void, the following are mentioned, together with the language held indefinite: Augustine v. State, 41 Tex. Cr. R. 59, 52 S. W. 77, 80, 96 Am. St. Rep. 765, "murder by mob violence"; Russell v. State, 88 Tex. Cr. R. 512, 228 S. W. 566, "operating a motor vehicle upon the highway in a careless manner"; Griffin v. State, 86 Tex. Cr. R. 498, 218 S. W. 494, "seriously interfere with the sight of or temporarily blind the vision of a driver of a vehicle approaching from an opposite direction"; Cinadr v. State, 108 Tex. Cr. R. 147, 300 S. W. 64, "needlessly killing a hog"; Tozer v. United States (C. C.) 52 F. 917, 919, "undue and unreasonable advantage"; Ex parte Jackson, 45 Ark. 158, "injurious to the public health, or public morals, or to the perversion or obstruction of public justice, or the due administration of the laws"; Chicago & N. W. Railway Co. v. Dey (C. C.) 35 F. 866, 1 L. R. A. 744, "unreasonable rate"; Ex parte Slaughter, 92 Tex. Cr. R. 212, 243 S. W. 478, 479, 26 A. L. R. 891, "closely built up."

In addition to the opinions of this court that have been cited, there are many others which give effect to the principle. Among them may be mentioned the following: Dockery v. State, 93 Tex. Cr. R. 220, 247 S. W. 508; Overt v. State, 97 Tex. Cr. R. 202, 260 S. W. 856; Ex parte Montgomery, 86 Tex. Cr. R. 636, 218 S. W. 1042. It is an unnecessary, useless, and confusing part of a statute which is otherwise sound. It is in conflict with the statutory declaration requiring certainty in the formation of statutes, and of article 1, § 10, of the Constitution of the state guaranteeing to one accused of crime information as to the nature and cause of the accusation against him.

The words "in any degree" in the statute are useless for the reason that the other terms therein, namely, "intoxicated" or "under the influence of intoxicating liquor," have often been defined in judicial decisions and are well understood in legal parlance. See 68 A. L. R. page 1360, note 4. The use of the words "in any degree" as used in the statute, if recognized as charging an offense, are capable of mischief in making an opening for expert testimony touching the quantity of intoxicating liquor that may or may not produce the effect contemplated in the statute. What is required to bring one "in any degree" under the influence of intoxicating liquor? The statute does not declare. Who then must determine what are the essential elements of the offense which the act attempts to denounce? What standard would make uniform and stable the criminal denunciation? The peculiar fancy of the individuals who compose the jury is the sole guide. In the books are standards by which it may be declared that one is intoxicated. The terms "intoxicated" and "under the influence of intoxicating liquor" are found in the dictionaries and in the law books. The term "to any degree under the influence of intoxicating liquor" is an innovation. No attempt to define it is made by the law-making power. No criterion can be found in the books by which the trial court can define it in instructing the jury. It is denounced as a felony, but no information is given, either to the individual charged or to the jury by which to determine what is meant by the term. That as in the statute it does not mean "intoxicated" is manifest from the verbiage of the statute itself, wherein it says, "while such person is intoxicated *or in any degree under the influence of intoxicating liquor*." It recognizes the distinction between intoxicated and "in any degree" under the influence of intoxicating liquor, but fails to locate the point of distinction and leaves it purely to the imagination or volition of the jurors who happen to be trying the particular case. It is upon a parity with many of the cases decided by this court holding statutes invalid for uncertainty which are cited above, and offends against the principle controlling in all of them.

For the reason that the indictment does not charge an offense, the judgment is reversed and the prosecution ordered dismissed.

LATTIMORE, Judge (dissenting).

I regret the necessity for this dissent. The indictment herein charged appellant with driving a motor vehicle on North Fannin street of the city of Tyler while he was "to some extent" under the influence of intoxicating liquor. In fact, he was admittedly drunk, and the only defense interposed on the trial was that there was no such street in Tyler as North Fannin street. No issue was made as to the extent or degree of appellant's drunkenness. No motion was made to quash the indictment. On appeal appellant raises in his brief the question that the indictment herein charges no violation of the law because it contains the averment that he was "to some extent" under the influence of intoxicating liquor, but no authorities are cited and no argument apparently made in support of the position. My associates are of opinion that the allegation "to some extent" makes the indictment bad, and that for this reason the judgment must be reversed and the prosecution ordered dismissed. It seems difficult to me to understand how such conclusion can be reached.

Article 802, P. C., under which this conviction was had, has been on our statute books for ten years, and every phase of it has apparently been considered and construed by this court as now constituted. The exact language of the statute forbids that any person shall drive a motor vehicle on a public highway while intoxicated or "in any degree under the influence of intoxicating liquor."

This court is thoroughly committed to the proposition that the indictment is sufficient for this offense if it charges that the accused was "under the influence of intoxicating liquor" at the time complained of. Williams v. State, 100 Tex. Cr. R. 51, 271 S. W. 628; Jones v. State, 101 Tex. Cr. R. 71, 274 S. W. 566; Boyd v. State, 106 Tex. Cr. R. 494, 292 S. W. 1112; Stewart v. State, 108 Tex. Cr. R. 202, 299 S. W. 646; Nunn v. State, 114 Tex. Cr. R. 487, 26 S.W.(2d) 648; Fuller v. State, 116 Tex. Cr. R. 312, 32 S.W.(2d) 358; Farmer v. State, 119 Tex. Cr. R. 213, 43 S.W.(2d) 588; Herring v. State, 117 Tex. Cr. R. 211, 35 S.W. (2d) 737, 739. In the last case cited the indictment charged that the accused was "under the influence of intoxicating liquor" when he drove the car in question. In the original opinion we said the motion to quash the indictment was properly overruled. In the opinion on rehearing, it is said: "The indictment is attacked as being based upon an invalid statute * * * based upon the verbiage of article 802, P. C. 1925, wherein the following words appear: 'Or in any degree under the influence of intoxicating liquor.' The validity of the statute has been upheld, though the words * * * 'in any degree,' have been regarded as surplusage." We expressly held that said words furnish no ground for a reversal of the case. In the Williams Case, supra, we wrote that the theory that in charging that one was intoxicated —and under the influence of intoxicating liquor—charged two offenses, was untenable inasmuch as to charge that one was *intoxicated* was but a different way of alleging that he was under the influence of intoxicating liquor.

Surplusage—under all the authorities in reference to indictments—is something written therein which may be discarded, leaving the offense fully charged. Warrington v. State, 1 Tex. App. 168; Mayo v. State, 7 Tex. App. 342; Rivers v. State, 10 Tex. App. 177; Taylor v. State, 29 Tex. App. 466, 16 S. W. 302; Jordan v. State, 37 Tex. Cr. R. 222, 38 S. W. 780, 39 S. W. 110; Goodwin v. State, 70 Tex. Cr. R. 600, 158 S. W. 274, 275; Jennings v. State, 88 Tex. Cr. R. 639, 229 S. W. 525; Seebold v. State, 89 Tex. Cr. R. 563, 232 S. W. 328; Shroeder v. State, 92 Tex. Cr. R. 7, 241 S. W. 169; Harvey v. State, 92 Tex. Cr. R. 645, 244 S. W. 1004; Martin v. State, 95 Tex. Cr. R. 401, 254 S. W. 971.

To undertake to demonstrate by argument or illustration that the words "to some extent," which are used in the indictment in the instant case, are the exact equivalent of the words "in any degree," or "to some degree," which are used in article 802, P. C., would be like arguing that two and two make four, or that a straight line is the shortest distance between two points. If—as Judge Morrow says in the Herring Case, supra, and as we have substantially held in numerous cases—the words "in any degree" are surplusage, they may be stricken out of the indictment, or omitted in its consideration, and, if that which is left sufficiently charges the offense, the indictment would unquestionably still be good.

Applying what we have said in so many cases to the instant case, we should merely hold the words "to some extent" to be surplusage, and omitting same we would have here an indictment fully charging that the accused drove his car on a public street in the city of Tyler while under the influence of intoxicating liquor, which is in exact accord with what we upheld in the Williams Case, supra, and which we have upheld in other cases.

In apparently the first considered case under article 802, supra, Nelson v. State, 97 Tex. Cr. R. 210, 261 S. W. 1046, the original opinion by Morrow, P. J., and by the writer on rehearing, the offense is stated in the original opinion as unlawfully operating a car on a public street while under the influence of intoxicating liquor. On rehearing, article 802, supra, was quoted in full and the statement plainly made that same does not attempt to fix any limit as to the amount of intoxicating liquor that will be permitted in the driver of a vehicle on a public street, but on the contrary it prohibits his being under the influence of intoxicating liquor "to any

extent." In Scoggins v. State, 98 Tex. Cr. R. 546, 547, 266 S. W. 513, opinion by Judge Morrow, the holding in Nelson's Case, supra, is expressly approved, and we there held that when the proof showed the accused to be drunk, there could be no complaint of failure on the part of the trial court to attempt to define the term "intoxicated." The Nelson Case was again approved in Stewart v. State, 108 Tex. Cr. R. 200, 299 S. W. 646. In the concurring opinion in Fuller v. State, 116 Tex. Cr. R. 312, 32 S.W.(2d) 358, it is expressly admitted, as in the opinion in the Herring Case, supra, that the expression "in any degree" is surplusage.

I have never been able to agree that the language used by the Legislature in defining this offense is such as that when followed in an indictment the indictment should be held bad and the case reversed for that reason. I have agreed to the holding that certain words used by the Legislature might be held surplusage, and that the word "intoxicated," and the expression "under the influence of intoxicating liquor," meant the same thing, but I cannot now agree that the insertion into this indictment of words whose equivalent has often been held to be mere surplusage, viz., "to some extent," would warrant this court in reversing the case of a man who was shown to be, as a witness said, limber drunk.

As far as the writer knows it has never been held in any other state of this Union that such expressions as "to any degree" or "to any extent," vitiate the indictment, and it occurs to me that this court is now embarking upon an entire departure. As illuminating we call attention to the language of similar statutes in other states. The following states have statutes punishing him who drives a car "while under the influence of intoxicating liquor": Arizona, California, Georgia, Rhode Island, Maryland, Massachusetts, Montana, West Virginia, Utah, Pennsylvania, Connecticut, Washington, Oregon, Oklahoma, Delaware, Tennessee, Idaho, Michigan, Florida, Vermont, New Hampshire, South Dakota, Virginia, North Carolina, Iowa, Maine, New Jersey, and possibly others. Some states punish him who so drives "while intoxicated," or "in an intoxicated condition." These are Kansas, Louisiana, Nebraska, North Dakota, Wisconsin, Alabama, Kentucky, New York, Indiana, Ohio, Arkansas, Minnesota, and Illinois. The Missouri statute forbids such action "while in an intoxicated condition, or under the influence of drugs," the principle involved in the last clause of the statute being similar to the one here under consideration. Colorado forbids such driving "while in any degree under the influence of any intoxicants." Mississippi prohibits such driving "while in a state of intoxication, or in any other respect incapable of properly and safely operating," etc. Many of the states first named, in varying

terms, make it penal to operate such car "while intoxicated, or under the influence of intoxicating liquor."

The expressions from the courts of last resort in other states in some instances are interesting. State v. Dudley, 159 La. 872, 106 So. 364, 365, holds the words "under the influence of [intoxicating] liquor," to be exactly synonymous with the expression "in an intoxicated condition." In State ex rel. Sellers v. Parker, 87 Fla. 181, 100 So. 260, 263, the terms "under the influence of intoxicating liquor" were held not lacking in definiteness or intelligibility. In Commonwealth v. Lyseth, 250 Mass. 555, 146 N. E. 18, it seems held sufficient to uphold a conviction, to prove that the driver of the car was under the influence of liquor rather than intoxicated, although the statute of Massachusetts penalizes him in specific terms who is "intoxicated." In People v. Ekstromer, 71 Cal. App. 239, 235 P. 69, the Court of Appeals of California held that the law prohibiting the driving of a motor vehicle by a person under the influence of intoxicants was designed to protect the public from the menace of automobiles operated on public highways with inadequate or inefficient control in a world of traffic difficult of management under normal conditions, and that the law should be liberally construed to effect its purpose. In State v. Giles, 200 Iowa, 1232, 206 N. W. 133, 42 A. L. R. 1496, the Iowa Supreme Court affirmed a judgment inflicting punishment at a year in the penitentiary of a car driver whose condition was such as that he could guide his car through traffic, but was shown to be under the influence of intoxicants, saying that the circumstances of the particular case were not aggravated, but that the very nature of the offense was such as that aggravation inheres in it; that the peril threatened by such an offense was so great and imminent that only severe punishment could be deemed adequate to restrain it. In People v. Weaver, 188 App. Div. 295, 177 N. Y. S. 71, 37 N. Y. Cr. R. 566, the court said that for the purposes of a statute forbidding the operation of a car by one intoxicated, the accused was in such condition when he had imbibed enough liquor to render him incapable of giving that attention and care to the operation of his car that a man of reasonable prudence and intelligence would give, and the opinion is expressed that under said statute the jury should have been instructed that "intoxication" within the meaning of the statute, meant such condition (resulting from the use of intoxicants) as impairs to some extent, however slight it may be, the ability of such person to operate such car. So in State v. Rodgers, 91 N. J. Law, 212, 102 A. 433, 434, the court says that "under the influence of intoxicating liquor," covers all conditions and degrees of intoxication, as well as any abnormal, mental, or physical condition which results from indulging in

any degree in intoxicating liquor, and which tends to deprive such operator of clearness of intellect and self control which he otherwise would possess.

Believing that at most the use in the indictment of the words "to some extent" amounts to but surplusage, and that with this stricken out the indictment fully charges the accused with operating his automobile on a public street while under the influence of intoxicating liquor, which this court has expressly held to be a good indictment, I cannot bring myself to agree to the holding of the majority, and hence this dissent.