THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
NEIL SEEFELDT, Defendant-Appellant.

Second District   No. 82—4

Opinion filed January 26, 1983.

Burl F. Nader, of Libertyville, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (Phyllis J. Perko and Marshall Stevens, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The defendant, Neil Seefeldt, was arrested on May 21, 1981, and charged with driving a vehicle while under the influence of intoxicating liquor. He was convicted after a jury trial and ordered released on conditional discharge. He appeals, contending that where, as here, no chemical analysis of the defendant's bodily substances has been undertaken, the standard "under the influence of intoxicating liquor," which is not further defined, causes the statute to be void for vagueness and cannot support the charge.

The pertinent portions of the statute are as follows:

"Persons under the influence of intoxicating liquors or nar-

cotic drugs. (a) No person who is under the influence of intoxicating liquor may drive or be in actual physical control of any vehicle within this State.

* * *

(c) Upon the trial of any action or proceeding arising out of the acts alleged to have been committed by any person while driving or in actual physical control of a vehicle while under the influence of intoxicating liquor, evidence of the amount of alcohol in the person's blood at the time of the act alleged as shown by a chemical analysis of his breath, blood, urine, saliva or other bodily substance is admissible, as provided hereinafter in this paragraph (c) and the result of any such analysis shall give rise to the following presumptions:

1. If there was at the time of such analysis 0.05 percent or less by weight of alcohol in the person's blood, it shall be presumed that the person was not under the influence of intoxicating liquor;

2. If there was at the time of such analysis in excess of 0.05 percent but less than 0.10 percent by weight of alcohol in the person's blood, such fact shall not give rise to any presumption that the person was or was not under the influence of intoxicating liquor, but such fact may be considered with other competent evidence in determining whether such person was under the influence of intoxicating liquor;

3. If there was at the time of such analysis 0.10 percent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of intoxicating liquor."[1] Ill. Rev. Stat. 1979, ch. 95½, par. 11—501(a), (c).

■ A statute which forbids the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates due process. (*Missouri Pacific R.R. Co. v. Commerce Com.* (1948), 401 Ill. 241, 250.) However, the strong presumption of constitutionality enjoyed by a statute is not overcome unless the terms of the statute are so ill defined that their meaning will be ultimately determined by the opinions and whims of the trier of fact rather than any objective criteria. (*People v. La Pointe* (1982), 88 Ill. 2d 482, 499; *Arnolt v. City of Highland Park*

---

[1]Section 11—501 has been amended by Public Act 82—311, sec. 1, effective January 1, 1982, which retains the offense of driving or being in actual physical control of a vehicle while "under the influence of alcohol" and also makes it illegal for a person to drive or be in actual physical control of a vehicle while the person's blood or breath alcohol concentration is 0.10 or more.

(1972), 52 Ill. 2d 27, 33.) The line separating forbidden from permitted conduct need not be marked out with absolute precision; it is sufficient if "no one can come near it without knowing that he does so, if he thinks, and if he does so, it is familiar to the criminal law to make him take the risk." (*People v. Mancuso* (1931), 255 N.Y. 463, 470, 175 N.E. 177, 179, quoting *United States v. Wurzbach* (1930), 280 U.S. 396, 399, 74 L. Ed. 508, 510, 50 S. Ct. 167, 169.) Moreover, a statute imposing a general duty is not void for uncertainty if the words used have acquired an established meaning through established precedents. *Missouri Pacific R.R. Co. v. Commerce Com.* (1948), 401 Ill. 241, 250.

■ The phrase "under the influence of intoxicating liquor" is therefore not void for vagueness, even assuming the complete unavailability of chemical-analysis data. Several courts have noted that the phrase is one in longstanding common usage and requires no detailed elaboration. As noted by one court, "the expression 'under the influence of intoxicating liquor' is in common, everyday use by the people. * * * When a person is so affected by intoxicating liquor as not to possess that clearness of intellect and control of himself that he otherwise would have, he is under the influence of intoxicating liquor." (*State v. Graham* (1929), 176 Minn. 164, 169, 222 N.W. 909, 911.) The challenged phraseology is sufficiently clear even standing alone. (*Welch v. State* (1929), 43 Okla. Crim. 47, 49, 277 P. 280, 281; *Weston v. State* (1937), 49 Ariz. 183, 186-87, 65 P.2d 652, 654; *Nelson v. State* (1924), 97 Tex. Crim. 210, 261 S.W. 1046; *Cook v. State* (1964), 220 Ga. 463, 465, 139 S.E.2d 383, 385; *State v. Tiernan* (Iowa 1973), 206 N.W.2d 898, 901.) Furthermore, "under the influence of intoxicating liquor" has long been held to mean, in the case law of this State, "a condition, caused by the consumption of intoxicants, that makes a person less able, either mentally or physically, or both, to exercise clear judgment, and with steady hands and nerves operate an automobile with safety to himself and to the public." *People v. Wheatley* (1972), 4 Ill. App. 3d 1088, 1090; *Village of Park Forest v. Angel* (1976), 37 Ill. App. 3d 746, 754. See also *People v. Sullivan* (1971), 132 Ill. App. 2d 674, 677.

Finally, a statute may become clearer when seen in the light of the legislative objective and the context in which it is placed. (*People v. La Pointe* (1982), 88 Ill. 2d 482, 499-500.) The legislative intent to prevent driving by those with diminished ability to do so safely because of alcohol consumption is plain enough; the dangers of such conduct are well known to the public and "a person of ordinary intelligence would have [no] difficulty in understanding that if he has drunk anything containing alcohol, and particularly any substantial amount

thereof, he should not attempt to drive or take control of a motor vehicle." *Greaves v. State* (Utah 1974), 528 P.2d 805, 808.

Other jurisdictions have also rejected similar constitutional attacks on similar or identical statutory language. *State ex rel. Sellers v. Parker* (1924), 87 Fla. 181, 190, 100 So. 260, 263; *Nelson v. State* (1924), 97 Tex. Crim. 210, 261 S.W. 1046; *Weston v. State* (1937), 49 Ariz. 183, 65 P.2d 652; *State v. Titak* (1955), 75 Ohio Law Abst. 430, 144 N.E.2d 255, 257; *State v. Dudley* (1925), 159 La. 872, 106 So. 364; *State v. Graham* (1929), 176 Minn. 164, 222 N.W. 909; *Cook v. State* (1964), 220 Ga. 463, 465, 139 S.E.2d 383, 385; *State v. Tiernan* (Iowa 1973), 206 N.W.2d 898, 901.

Section 11—501(a) of the Illinois Vehicle Code is not unconstitutionally vague or incomplete. Therefore the judgment of the circuit court of Lake County is affirmed.

Affirmed.

REINHARD and HOPF, JJ., concur.