## SAM LITTLE v. THE STATE.

No. 8855.　Delivered May 13, 1925.

1.—Manufacturing Intoxicating Liquor—Evidence—Statements of Accused—Not Admissible.

Where officers discovered a still, whisky, and mash, at defendant's home, and after being instructed by the sheriff to go to town and make bond, the defendant did go to the sheriff's office, in compliance with such instructions, statements made by him to the deputy at the office, were made while under arrest, and were not admissible in evidence against him, under Art. 810, C. C. P.

2.—Same—Evidence—Intoxication of Defendant—Properly Admitted.

It was not error to permit the state to prove that when the defendant reported to the sheriff's office he was intoxicated, he being on trial for unlawfully manufacturing intoxicating liquor.

3.—Same—Under Arrest—Meaning of—Rule Stated.

When is the accused under arrest? The rule is that if by the acts and conduct of an officer having the party in charge, he is led to believe that he is under arrest, or is in his own mind conscious of being under arrest, then the confession, not coming within any of the exceptions named or implied in the statute, are not admissible. It is not necessary that the arrest be made in formal words, it may clearly appear from the surrounding facts. Following Patrick v. State, 45 Tex. C. R. 587; 74 S. W. 550, and other cases cited.

4.—Same—Charge of Court—Exceptions in Statute.

Where on a trial for manufacturing intoxicating liquor the defensive theory embraced one of the exceptions contained in the liquor laws, is raised by the evidence, the charge of the court should be carefully worded, so that the jury will understand that if on the whole case they entertain a reasonable doubt whether the defendant was manufacturing the liquor for an excepted purpose, he would be entitled to an acquittal.

Appeal from the District Court of Nacogdoches County. Tried below before the Hon. L. D. Guinn, Judge.

Appeal from a conviction for manufacturing of intoxicating liquor; penalty, two years in the penitentiary.

The opinion states the case.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the manufacture of intoxicating liquor. Punishment, two years in the penitentiary.

Officers went to defendant's home and there found a still for manufacturing liquor and some barrels which had contained mash.

They found buried in the lot two gallons of whisky. Defendant, himself, produced the coil and other parts of the equipment and turned them over to the officers. He told them he had made the whisky to drink and that he drank lots of it. He did not claim to them that he was making it for medicinal purposes. The officers testified that he was somewhat under the influence of whisky at the time. They did not take him into custody nor bring him to town with them but the sheriff says, "I made the statement to this defendant after I found the jugs and all of this stuff was turned over to me, that I would look for him to go to town and make bond." Defendant left his home before the officers did, the sheriff seeing him leave with the understanding that defendant would make bond in the afternoon. He got to town and reported to the deputy at the sheriff's office about forty-five minutes before the arrival of the officers who sent him in. The deputy testified, over objection, that when defendant came into the office he said the sheriff had told him to come to town, and said he had made the whiskey a night or two before; that he had made it a few times for his own use and that he drank it and used it. The deputy testified that defendant was drunk at the time; that he (the deputy) had not detained defendant nor said anything about detaining him, but understood from defendant that some officer had told him to come there. The objection to this testimony was upon the ground that defendant was under arrest and that the statements so made by him could not be given in evidence because prohibited by Art. 810, C. C. P. The testimony of the office deputy that defendant was intoxicated was properly received, but we think the court fell into error in admitting statements made by defendant after he reported to the sheriff's office. Art. 810 (*supra*) prohibits the use of a confession of defendant if made when he is in jail or other place of confinement, or "while he is in the custody of an officer", unless the other requirements of said article be complied with. The learned trial judge admitted the evidence upon the theory that defendant was not under "arrest". We think in this assumption he gave too restricted a meaning to what is meant by being "under arrest" or "in custody". In Clark's case (84 Texas Crim. Rep. 390, 207 S. W. 98) the rule announced in Patrick v. State, 45 Texas Crim. Rep. 587, 74 S. W. 550, was restated with approval as follows: "If by the acts and conduct of an officer having the party in charge he is led to believe he is under arrest, or is in his own mind conscious of being under arrest, then the confessions, not coming within any of the exceptions named or implied in the statute, are not admissible." It is not necessary that the arrest be made in formal words; it may clearly appear from the surrounding facts. Many cases supporting this principle

are collated in Clark's case (*supra*). Neither is it necessary for the arresting officer to be bodily present at all times to keep accused in "legal custody' as affecting the admissibility of declarations. (Stoker v. State, 93 Texas Crim. Rep. 24, 245 S. W. 444). Phillips v. State, 86 Texas Crim. Rep. 624, 219 S. W. 454, and Stoker's case are directly in point upon the particular question before us. Defendant did not appear at the sheriff's office of his own volition but in obedience to such officer's direction. It is evident that defendant did not consider himself as "arrested", unless under the personal escort of an officer, but it is equally patent that he was doing as commanded by the officers without question or hesitation, and when he reported to the deputy of the sheriff's office he was as much in "custody" in contemplation of the law under the present facts as though he had been taken there by the sheriff himself.

Some criticism is directed at paragraph eight of the charge advising the jury that where the State shows that a party manufactured whisky the burden was then upon the party to show that he manufactured it for one of the excepted purposes. That issue was in the case, the defense being that defendant made the whisky for medicinal purposes. We have often said a charge of the character complained of ought to be carefully worded so the jury would understand that if upon the whole case then entertained a reasonable doubt whether defendant was manufacturing the liquor for an excepted purpose he would be entitled to an acquittal. Considering paragraphs eight and ten of the charge together, we think the jury could not have been misled in this particular.

For the error discussed the judgment must be reversed and the cause remanded.

*Reversed and remanded.*