## BAILEY HARRISON V. THE STATE.

No. 9710.   Delivered December 23, 1925.

### 1.—Possessing Intoxicating Liquor—Evidence—Search and Seizure.

Where, on a trial for possessing intoxicating liquor, complaint is made that the officers who discovered appellant's whiskey and mash did not have a warrant to search his premises, presents no error under our holding in the case of Welchek v. State, 93 Tex. Crim. Rep. 271, 247 S. W. 524. The Acts of the 39th Legislature on this subject are not involved in this decision.

### 2.—Same—Evidence—Held, Res Gestae—Properly Admitted.

Where evidence is admitted that when the officers came upon appellant and his two sons, appellant exclaimed, "You have got me," such exclamation was res gestae of the discovery of appellant in possession of mash and whiskey, and was properly admitted.

**3.—Same—Evidence—Rejection of—Harmless Error.**

Where appellant complains of the refusal of the court to permit him to show on cross-examination of a state witness that at the time of his arrest that he stated to witness, "this is not my outfit, I just walked up here," no injury is shown, as another witness had testified to this fact, and on being recalled by the state later the same witness was permitted to and did answer the question that had been excluded.

**4.—Same—Argument of Counsel—Reversible Error.**

In his closing argument for the State the District Attorney used the following language: "Why has he (defendant) not given me a chance to prove his reputation? He knows that I could not go into that, and he was afraid to open the way." He might as well have told the jury that accused's reputation was bad, and that he could have proven it if given an opportunity. Such remarks were not within the realm of legitimate argument, but were the testimony of the district attorney of a matter not admissible in evidence, had he offered himself as a witness in the case. See Childress v. State, 92 Tex. Crim. Rep. 215.

**5.—Same—Continued.**

The district attorney further stated, in substance, that he had talked to defendant's wife, and that if he, the defendant, had put her on the witness stand she would have told the truth, and it would have convicted him. While it is permissible to comment on the failure of an accused to use his wife as a witness in some instances, that rule has never been extended to the sanctioning of a statement by the district attorney, when she is not tendered, as to what she would have testified to had she been used as a witness. This is going further in argument than can be legitimately permitted, and for this cause the judgment is reversed. See Stanchel v. State, 89 Tex. Crim. Rep. 358.

Appeal from the District Court of Angelina County.  Tried below before the Hon. C. A. Hodges, Judge.

Appeal from a conviction for the possession of intoxicating liquor, for the purpose of sale, penalty two years in the penitentiary.

The opinion states the case.

*W. S. Poston,* Lufkin, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale.  Punishment is two years in the penitentiary.

We deem it unnecessary to state the facts further than as referred to in discussing the various bills of exception.

Complaint is made of the state's evidence that the officers found appellant and his two sons straining mash into barrels,

also of finding six gallons of whiskey, a gasoline tank and other things indicating the manufacture of whiskey, the objection being that the officers had no search warrant. The offense is shown to have been committed in December, 1924. The trial occurred in April, 1925. If the objection is based upon the law passed by the 39th Legislature, Chapter 149, relating to unlawful seizures and searches, it is not tenable because that law did not become effective until June 17, 1925, subsequent to the trial. Under the authority of Welchek v. State, 93 Tex. Cr. R. 271, 247 S. W. 524, and many cases following it the objection was without merit. What we have said disposes of bills of exception one and six. It is not necessary to decide whether the facts bring this case under the act of the 39th Legislature.

The evidence shows that when the officers came up on appellant and his two sons appellant exclaimed, "You have got me." After this exclamation the officers continued their search. Down the branch a short distance from where the barrels of mash were they found a "worm" and a place where a fire had been; some sixty or seventy feet from that place they found in a keg six gallons of warm whiskey. Complaint is made of proving appellant's exclamation upon the ground that the whiskey had not then been discovered, and that the prosecution being for the possession of intoxicating liquor for the purpose of sale the exclamation of appellant could not have been with reference to the whiskey because it had not been found at the time the statement was made. It was all a part of one transaction occurring within a few minutes while the search was being conducted. There is no merit in appellant's contention. The court properly admitted the statement as a part of the res gestae.

On cross-examination witness Jones was asked if in connection with the statement "You have got me," appellant did not also say: "This is not my outfit, I just walked up here." This testimony was objected to as being a self-serving declaration. If it was res gestae it would be admissible, or if it was part of the same conversation elicited by the state it would be admissible, under Article 728 C. C. P. (1925 Revision). By the qualification appended to the bill it appears to have been neither res gestae nor part of the same conversation. The court says the statement sought to be elicited from Jones on cross-examination was not made until some thirty minutes after the first statement, and after all the discoveries had been completed and the officers were on the way to their automobiles with ap-

pellant. Under the qualification of the trial judge bills three and four relating to the same matter present no error. However, we call attention to the fact that this testimony did go into the record though the witness Watts who testified that in connection with the statement "You have got me," appellant also said the outfit did not belong to him, but belonged to another party. We also observe when the witness Jones was recalled by the state for further examination that in response to a question from appellant the witness said: "I do not remember him saying then and there that it was not his, and that he had nothing to do with it. He told me after that." At whatever time appellant may have denied having anything to do with the "outfit" he had the benefit of the denial.

During his closing argument the district attorney used the following language: "Why has he (defendant) not given me a chance to prove his reputation? He knows that I could not go into that and he was afraid to open the way." The attorney might as well have told the jury in so many words that accused's reputation was bad and that he could have proven it if given the opportunity. In Childress v. State, 92 Tex. Cr. R. 215, 241 S. W. 1029, this court had occasion to hold it reversible error for counsel representing the state to ask a witness if he knew the general reputation of the accused when that matter had not been put in issue by the latter. The matter complained of here appears to be even more harmful than in the Childress case. Also in his argument the district attorney said: "Gentlemen: You know and I know that if the defendant was innocent he would not go down to where this distill was on Sunday morning and carry with him his two little boys and the white sacks. He would have had his good wife here to deny such things, *but he knew that I had talked with her and that if she was put on the witness stand she would have told the truth about it and it would have convicted him."* Where the wife of accused is shown to have been in a position to know facts which would be material to the defense the failure to put her upon the stand has always been held to be a proper subject of comment, but the district attorney in his zeal went further in the present instance. Through his argument he put into the case a fact not in evidence and known to the jury only by the statement made in argument. It was equivalent to telling the jury that he had talked with appellant's wife, that her story was not in consonance with appellant's evidence, and if placed on the witness stand she would so testify. This is going further in argument

than can legitimately be permitted.    See Stanchell v. State, 89 Tex. Cr. R. 358, 231 S. W. 120; Haggard v. State, 269 S. W. 438.    By the unsworn statements of the district attorney the wife was made a witness against the husband.    We again express regret at being called upon to reverse judgments in cases which otherwise appear to have been tried correctly because of the over zeal of prosecuting officers.    This is never to be commended in any case.    We are at an entire loss to understand why it would have been thought necessary to resort to it under the facts of the present case.    We cannot hold the argument to have been harmless.    The punishment assessed was more than the minimum.    Under such circumstances it is impossible for us to know whether the improper argument contributed to this result, and we cannot presume it did not.

For the improper argument, the judgment must be reversed and the case remanded.

*Reversed and remanded.*