SAM HUNTER v. THE STATE.

No. 12615.   Delivered June 19, 1929.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is robbery by assault; the punishment, confinement in the penitentiary for ten years.

Trinidad Martinez testified that appellant and a woman attacked him and took from his possession five dollars.   It was appellant's theory, supported by his testimony, that the injured party had given the woman five dollars for an act of sexual intercourse with her; that a fight ensued due to the fact that the injured party attempted to recover three dollars from the woman which he claimed as

change; that he (appellant) attempted to aid the woman and that the injured party struck him; that he and the woman got in an automobile and drove away.

We think the learned trial judge fell into error in refusing to permit appellant to show that the part of town where the offense was alleged to have been committed was occupied by negro prostitutes. Appellant and the woman were negroes, and the fact that prostitutes may have resided in the vicinity of the place where the prosecuting witness said the robbery occurred would have had a tendency to lend color to appellant's defense.

The county attorney asked appellant while he was on the witness stand if he was not wanted in McKamey, Texas, for "hi-jacking." Appellant properly objected to this question. It appears that appellant was not under indictment for robbery at any other place. The court overruled the objection, but later instructed the jury not to consider the question for any purpose. Again the county attorney asked appellant if he had been run out of Rosebud, Texas, for robbery. Again a proper objection was interposed to the question. The court sustained this objection. Appellant having taken the witness stand in his own behalf it would have been proper to show as affecting his credibility as a witness that he had been indicted at a time not too remote for the offense of robbery. However, it was not proper to ask appellant if he was not wanted for hi-jacking in McKamey, Texas, and if he had not been run out of Rosebud for robbery. Appellant had not placed in issue his general reputation for being peaceable and law-abiding, but if he had, this testimony would not have been properly receivable. In the case of Childress v. State, 241 S. W. 1029, the district attorney asked a witness if he was acquainted with defendant's reputation as being a law-abiding citizen. Appellant had not placed his reputation in issue. The question was objected to and sustained by the trial court. It was contended on appeal that the error was cured. In discussing the question, Judge Hawkins, speaking for the court, used language as follows:

"Appellant objected to the question, and same was sustained by the court. Counsel for appellant requested the court, in the presence of the jury, to instruct the jury to disregard the question, and further to instruct them that the question was improper; but this the court refused to do. The learned trial judge qualifies the bill by stating that appellant did not submit any special charge to the court instructing the jury to disregard the question. It is our opinion

that the question was such a gross violation of all rules of procedure that it should not be necessary for appellant to request the court to instruct the jury that it was improper, and to disregard the same. The court should have done so of his own motion, and should have promptly reprimanded the district attorney for asking such a question. There is no better known rule than that the reputation of the defendant cannot be inquired into by the State unless the accused himself opens up the way, and for the district attorney to propound such a question, thereby forcing the accused in the presence of the jury to interpose an objection, called for prompt action on the part of the court. As long as the law presumes an accused to be innocent, attorneys for the state ought not inject into the trial a matter which every well-informed lawyer knows is improper. Common justice to a party accused of crime suggests that he should be treated fairly upon his trial, and such proceedings as were here resorted to will not be tolerated or approved. Ordinarily when the court promptly sustains an objection to a question, and the facts indicate that it was asked in good faith, no error is presented unless the question is of such nature as to be extremely hurtful. Overstreet v. State, 68 Tex. Cr. R. 238, 150 S. W. 899, and cases therein cited. We frequently decline to reverse cases where improper questions were asked and objections were promptly sustained; but we can scarcely conceive a question which in and of itself could be more hurtful to an accused than one calling for an answer which would put in issue his general reputation. It places him in the unfortunate attitude of having to let the question pass unchallenged, thereby permitting the state to do what it plainly has no right to do, or of objecting thereto in the presence of the jury, leaving the very natural impression upon them that he feared an answer which would have been detrimental to him."

We are of the opinion that the principle announced in the case last quoted from has application here. The issue of guilt was closely contested and appellant received more than the minimum penalty. See also Harrison v. State, 278 S. W. 430.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.