## Fred Akin v. The State.

No. 12697.   Delivered January 8, 1930.
Reported in 23 S. W. (2d) 379.

The opinion states the case.

*Saunders & Atchison* of Breckenridge, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is driving an automobile on a public road while intoxicated; the punishment a fine of two hundred and fifty dollars and confinement in jail for sixty days.

The recognizance appearing in the record is fatally defective. It is stated therein that appellant stands charged with and has been convicted of the offense of driving a car while intoxicated. Unless the motor vehicle be driven in a place prohibited by the statute, while the driver is intoxicated, the law is not offended against. Hence one of the important elements of the offense defined by the statute is omitted.   Art. 802, P. C.; McFadden v. State, 300 S. W. 54.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION TO REINSTATE APPEAL.

LATTIMORE, JUDGE.—A proper recognizance has been filed. The appeal will be reinstated.

There are a number of bills of exception, and the questions raised will be discussed without reference to the bills seriatim.

The third count in the indictment, under which conviction was had, charged appellant with operating a motor vehicle upon Front Street within the corporate limits of the City of Breckenridge, and the Highway east of the town of Breckenridge, known as the Breckenridge-Caddo Highway,—while in a degree under the influence of intoxicating liquor. The State's proof showed appellant to have been drunk on the occasion referred to.

There was no proof that appellant drove a car on any highway east of the town of Breckenridge. In making out the case plead by the allegations in the third count, viz.: that Breckenridge was an incorporated city, the State was allowed to introduce copies of certified copies of instruments entered on pages 65 to 71 inclusive in a book called "Ordinance Book No. One of the City of Breckenridge." By various bills of exception complaint was made of the introduction of each such copy. We are cited to no authority by the State and know of none justifying the introduction of this testimony. A copy, although a certified copy of a copy, which latter is also a certified copy of an original recorded instrument or minute entry in court records, does not thus become authorized as proper to be introduced in evidence to prove the facts set out in such copy, or the original recorded instrument or minute entry. The original instruments, or certified copies thereof duly filed and of which proper notice is given, might be used to make the proof referred to, or same might be made in other ways under certain circumstances. Ex parte Drake, 55 Texas Crim. Rep. 233. See Civil Statutes regulating introduction of proof of contents of recorded instruments. In no other way was proof made in this case that the City of Breckenridge was an incorporated city. This being a descriptive allegation in the count of the indictment under which conviction was had, it would seem necessary to prove same in some way. The State having failed to make out its case for lack of such proof, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*