J. W. COON v. THE STATE.

No. 13771. Delivered February 4, 1931.

The opinion states the case.

*Seale & Denman* and *Adams & McAlister,* all of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing a still and equipment for manufacturing intoxicating liquor; punishment, two years in the penitentiary.

From the State's standpoint the testimony showed that appellant was seen at a still near the Attoyac river. One witness said he saw him disconnecting some parts of the still. The defense was an alibi. There are other questions raised which we do not deem it necessary to discuss in view of our disposition of the appeal.

Bill of exception No. 2 shows that upon the trial and while appellant was testifying, and at a time when he had not put his general reputation in issue, the district attorney asked appellant, on cross-examination, if he did not have the reputation of being the best whisky maker in San Augustine county. The question was objected to for the reason that his reputation had not been put in issue, and for the further reason that said question placed the defendant in the position of having to answer or object to same, either of which would prejudice him before the jury. The court overruled the exception to the question, and the bill shows that the court failed to instruct the jury not to consider the asking of such question, and that to this action of the court exception was taken. The only qualificaion to the bill is that the question was not answered. That such question was improper and hurtful is manifest. We can not gauge the evil effect upon the jury of such improper question. The appellant was not given the lowest penalty. We think the cases cited in appellant's brief authority for holding such action reversible error. Childress v. State, 92 Texas Crim. Rep., 215, 241 S. W., 1029; Harrison v. State, 102 Texas Crim. Rep., 385, 278 S. W., 430; Hunter v. State, 113 Texas Crim. Rep., 90, 18 S. W. (2d) 1084.

By another bill it is shown that the district attorney asked a State witness a question; that said question was objected to by the appellant, and the objection was sustained. The bill shows that the district attorney then said to defense counsel, in the presence of the jury: "Are you still objecting to me asking him if he could be positive as to the time he was there?", this being the question the objection to which had just been sustained. The bill shows that appellant's counsel replied that he was, whereupon the district attorney said in the presence of the jury: "I just want to get it before the jury. I just want the jury to know that the question was asked." It would seem to be unnecessary to say that this procedure was calculated to injure the rights of the accused. To ask a question, and when the objection thereto was sustained, to insist upon calling the jury's attention to the fact that such queston was asked, would not seem to be in any case proper procedure.

By another bill complaint is made of the fact that the sheriff of the county was permitted to testify for the State that he knew what appellant's truck was loaded with on the morning before appellant was found at the still in question, because he had been told by some one what the truck was loaded with. He was permitted to state what he saw on the truck. This was objected to as being hearsay testimony, and prejudicial

to the rights of the accused. The bill is approved with the qualification that the jury were instructed not to consider hearsay testimony. The rights of the defendant would appear to be better preserved by sustaining objection to hearsay testimony rather than admit it and afterward instruct the jury not to consider it.

For the errors mentioned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*