PORT E. STAGES V. THE STATE.

No. 14670. Delivered March 16, 1932.

The opinion states the case.

*Oxford & McMillan,* of Stephenville, *J. T. Ranspot,* of Mineral Wells, and *McLean, Scott & Sayers,* of Fort Worth, for appellant.

*Fred C. Chandler,* District Attorney, of Stephenville, *Victor Bouldin,* County Attorney, of Palo Pinto, *Frank Sparks,* of Eastland, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for twelve years.

It was charged in the indictment, in substance, that appellant with malice aforethought, did voluntarily kill Frank Yell by shooting him with a gun.

Appellant was an alderman of the city of Strawn. Deceased had filed some complaints against certain of the aldermen, charging them with unlawfully blocking a street near deceased's home. On the day of the homicide, according to the version of the state, appellant armed himself and sought deceased, who was standing by his automobile on a street in the city of Strawn. Upon reaching deceased, appellant said: "Frank (meaning deceased) if you don't go around there and have those indictments throwed out I will kill you dead as hell." Immediately after making this statement to deceased, appellant shot him three times with a pistol.

Appellant testified that several parties had told him that deceased had threatened to kill him. Several witnesses for appellant testified that they

had communicated to appellant threats on the part of deceased to kill him. According to appellant's version, he thought deceased had filed a complaint against him charging him with blocking the street. He was carrying a pistol on the occasion of the homicide because of the fact that he had been advised that deceased was threatening to kill him. Seeing deceased on the street, he approached him for the purpose of asking him to withdraw the complaint. In reply to his request that deceased withdraw the complaint, deceased said: "I will do it now." Deceased then reached over toward his truck, and appellant shot him. We quote appellant's testimony at this point as follows: "Why I shot him, I saw that Winchester in that truck, and I thought he was going to kill me. If he had not made that demonstration toward that truck I would not have shot him. God knows I did not want to kill him."

Witnesses for appellant testified that deceased made a demonstration toward the truck immediately prior to the firing of the fatal shots by appellant. They said there was a Winchester in the truck. Several witnesses testified that deceased's general reputation for being a violent and dangerous man was bad.

Bill of exception No. 7 presents the following occurrence: Mrs. Supina, a witness for appellant, testified on direct-examination, that deceased had come to her home and complained bitterly about appellant, saying that he "was going to kill the d— s— of a b—"; that deceased had a gun with him at the time. On cross-examination, private prosecutor asked the witness, in effect, if she was not testifying in the case because her husband had been tried and convicted of a felony, and could not testify. The witness replied that she did not know anything about that. Private prosecutor then asked: "You are testifying because your husband cannot, aren't you?" The witness answered this question in the negative. The witness further answered that the fact that her husband had been convicted of a felony was beyond her control. She was then asked if she was present when her husband was convicted, and she replied in the negative. Private prosecutor next asked the witness if she did not testify in the case, and she replied that she did not know. Appellant timely objected to all of the testimony mentioned on the ground that it was an attempt to impeach the witness on an immaterial matter. The trial court stated that whether the witness testified on her husband's trial was an immaterial matter, and sustained the objection to that part of the testimony. The opinion is expressed that the questions were improper. In view of the fact that the case must be reversed because of the matter hereinafter discussed, we do not decide whether the bill of exception presents reversible error.

Bill of exception No. 10, as qualified by the trial court, recites that upon cross-examination of appellant by private prosecutor, he was asked the following question: "You know this is not the first grand jury that

invested your shooting a man, do you not Mr. Stages?" Appellant objected on the ground that the question was irrelevant, immaterial, and related to a transaction other than the offense for which he was being tried, and sought to prove his general bad character for being a violent and dangerous man by specific acts. The objection was sustained and the question was not answered. It is recited that appellant reserved his bill of exception to the conduct of the private prosecutor in asking the question. Upon sustaining the objection, the court stated to private prosecutor that he would have to show him some authorities holding that his contention was proper before he would require the witness to answer the question. At this point the court took a recess for the noon hour. When the trial of the case was resumed private prosecutor asked permission of the court to withdraw the question, and suggested that the trial judge instruct the jury not to consider the question for any purpose. Appellant's counsel objected to the court mentioning the matter to the jury, stating that the court had susained the objection and that was all that was necessary. He further said he did not want the jury's attention called to it any more by withdrawing the question. The opinion is expressed that the withdrawal of the question from the jury could not have cured the error. In Childress v. State, 92 Texas Crim. Rep., 215, 241 S. W., 1029, the district attorney asked a witness for the appellant, on cross-examination, the following question: "Do you know the defendant's reputation here, as to whether he is a law-abiding citizen, or otherwise?" The court sustained the appellant's objection, and the question was not answered. This court held that the question was obviously of such a harmful nature as to prejudice the appellant's rights, and that the bill of exception presenting the matter reflected reversible error. A situation similar to that in Childress v. State, supra, was presented in Coon v. State, 117 Texas Crim. Rep., 158, 35 S. W. (2d) 419. We quote the language of Judge Lattimore in Coon's case as follows: "Bill of exception No. 2 shows that upon the trial, and while appellant was testifying, and at a time when he had not put his general reputation in issue, the district attorney asked appellant, on cross-examination, if he did not have the reputation of being the best whisky maker in San Augustine county. The question was objected to, for the reason that his reputation had not been put in issue, and for the further reason that said question placed the defendant in the position of having to answer or object to same; either of which would prejudice him before the jury. The court overruled the exception to the question, and the bill shows that the court failed to instruct the jury not to consider the asking of such question, and that to this action of the court exception was taken. The only qualification to the bill is that the question was not answered. That such question was improper and hurtful is manifest. We cannot gauge the evil effect upon the jury of such improper question. The appellant was

not given the lowest penalty. We think the cases cited in appellant's brief, authority for holding such action reversible error. Childress v. State, 92 Texas Crim. Rep., 215, 241 S. W., 1029; Harrison v. State, 102 Texas Crim. Rep., 385, 278 S. W., 430; Hunter v. State, 113 Texas Crim. Rep., 90, 18 S. W. (2d) 1084."

Appellant having taken the witness stand in his own behalf, it would have been proper to show, as affecting his credibility as a witness, that he had been indicted at a time not too remote for an offense of the grade of felony or a misdemeanor involving moral turpitude. However, it was not proper to ask appellant if he had not theretofore been investigated by the grand jury for shooting another man. The question was calculated to lead the jury to believe that appellant was a violent and dangerous man. It was not shown that the investigation of another case against appellant had eventuated in an indictment. Being unable to gauge the evil effect upon the jury of the improper question, we are constrained to hold that the bill of exception manifests reversible error.

Other matters presented in the record are not likely to occur upon another trial, and are not discussed.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.