DOYLE HOLLINGSWORTH v. THE STATE.

No. 15506. Delivered February 1, 1933.
Reported in 56 S. W. (2d) 869.

The opinion states the case.

R. T. Correll, of Perryton, and Hoover, Hoover & Cussen, of Canadian, for appellant.

Lloyd W Davidson, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Upon conviction for driving a motor vehicle upon a street in an incorporated city while intoxicated, appellant was prohibited from driving any motor vehicle on the highways of this state for a period of two years, and a fine of $25 was assessed against him.

It was charged in the indictment, in substance, that appellant, while under the influence of intoxicating liquor, drove an automobile on Main street within the limits of the incorporated city of Perryton. The testimony of the state was to the effect that appellant, while intoxicated, drove his automobile on Main street in the city of Perryton. Appellant did not testify in his own behalf, but introduced witnesses who testified that they saw appellant shortly before he drove the car, and that he was not in any degree intoxicated. Johnson, who was in the automobile with appellant, testified that he did not smell liquor on appellant's breath, and declared that appellant was not under the influence of intoxicating liquor. For the purpose of impeaching Johnson, the state proved that he had made a written statement in which he had declared that appellant was drunk at the time he drove the car. A small bottle of whisky was found in appellant's automobile when he was arrested.

It is shown in bill of exception No. 17 that after Johnson had testified that the statement he made prior to the trial to

the effect that appellant was drunk was untrue, and that appellant was not intoxicated, the court retired the jury and called for the sheriff. When the sheriff approached, the court stated: "I want you to stay here until the witness leaves the stand." Further, the court stated, in the absence of the jury, "It is very apparent that some improper influence is acting upon this witness right now." Moreover, the court instructed the sheriff to arrest the witness after he had left the stand. These proceedings took place in the absence of the jury. The witness was arrested after he left the stand; but the jury were apparently not aware of this fact. Appellant objected to the state being permitted to further examine the witness on the ground that the action of the court had unduly intimidated the witness, and was calculated to prevent him from giving testimony favorable to appellant. The objection was overruled, and the district attorney proceeded to further examine the witness. In view of the fact that the bill of exception fails to show that the witness gave different testimony more favorable to the state, we deem it unnecessary to determine whether the matter presents reversible error. A similar situation was presented in Hampton v. State, 120 Texas Crim. Rep., 158, 46 S. W. (2d) 314, and held to present reversible error. However, the statement is made in the opinion in Hampton's case that the bill of exception suggested that, after the occurrence, the witness gave different testimony, more favorable to the state.

Bill of exception No. 22 reflects that appellant's witness Lackey was asked by the district attorney if it were not a fact that he (the witness) or his partner at one time had requested appellant not to come into their place of business any more, and if it was not a fact that the witness had been having some trouble with appellant. The court sustained the objection to the question and instructed the jury not to consider such question for any purpose; but appellant reversed his bill to the asking of the question. Thereafter, as shown in bill of exception No. 24, the district attorney, upon cross-examination, asked appellant's mother the following question: "Is it not a fact that one day a week or two ago when Carl Donley and Doyle Hollingsworth (the defendant) went to Canadian to meet you that you did not have trouble with your son on that occasion? Appellant objected, and the court sustained the objection and instructed the jury not to consider the question for any purpose. Nevertheless, appellant took his exception to the asking of the question. The questions carried the imputation that appellant's character was bad. The fact that appellant was forced to ob-

ject placed him in a bad light before the jury. The jury would naturally have concluded that the witnesses would have answered that they had had trouble with appellant. Moreover, in view of all the facts and circumstances in evidence, it can not be said that the conclusion would not have been drawn from the questions that the trouble to which the district attorney referred involved the drinking of intoxicating liquor. Under the circumstances we think the questions were obviously prejudicial. We are unable to reach the conclusion that the instructions of the court saved appellant from injury. See Childress v. State, 92 Texas Crim. Rep., 215, 241 S. W., 1029; Coon v. State, 117 Texas Crim. Rep., 158, 35 S. W. (2d) 419; Hunter v. State, 113 Texas Crim. Rep., 90, 18 S. W. (2d) 1084. Appellant was prohibited from driving an automobile on the public highways for two years, which is the maximum fixed by the statute.

The county attorney argued to the jury, as shown by bill of exception No. 25, that Johnson's statement made prior to the trial that appellant was drunk was evidence of appellant's guilt. He said: "I might say if there are any better facts to show that Doyle Hollingsworth (appellant) was there drunk at the time he backed out from Palace Drug Store up here in Perryton and drove by the Champlain Filling Station and drove over to the J. I. Case place, there is nothing more fundamental than that affidavit that he (the witness) signed before the district clerk of this county." Johnson stated on the trial that his affidavit was untrue, and that appellant was not drunk at the time he drove the automobile. The court instructed the jury not to consider the argument. The former statement that the witness made could not be used by the jury to prove the guilt of appellant. Thomas v. State, 101 Texas Crim. Rep., 144, 274 S. W., 577. However, under the circumstances, the prior statement out of court might properly be used by the state for the purpose of impeaching the witness. The matter presents error, but whether the court's action in instructing the jury not to consider the argument cured the error, it is not necessary to decide.

Bill of exception No. 27 presents the following occurrence: In argument, in referring to the testimony of Johnson, the district attorney stated that Johnson had testified that he took the steering wheel, and that appellant got out of the car and staggered around on the other side. It appears that this statement was contained in the affidavit made by the witness prior to the trial. He made no such statement as a witness during the trial, but on the contrary, declared that appellant was not drunk.

The court overruled appellant's objection to the argument. The district attorney was not warranted in misquoting the record, and the objection should have been sustained. The argument was calculated to impress the jury with the view that they might use the affidavit as proof of appellant's guilt. Thomas v. State, supra.

Appellant contends that the state failed to prove that Perryton was an incorporated city. It was necessary to make this proof in view of the allegation in the indictment. The state's attorney before this court expresses the view that the state failed to support the allegation as to the incorporation of Perryton. Unless the statement of one witness, to the effect that appellant drove the car on Main street in the corporate limits of Perryton on or about the 16th of February, 1932, is sufficient proof of the fact of incorporation, the case would have to be reversed on this point. Akin v. State, 114 Texas Crim. Rep., 343, 23 S. W. (2d) 379. It does not appear that Perryton has a charter on file in the office of the secretary of state. No condition is present which would warrant this court in taking judicial notice that Perryton was incorporated at the time in question. In Fuller v. State, 116 Texas Crim. Rep., 310, 32 S. W. (2d) 358, it was intimated that proof to the effect that the street in question was within the corporate limits of the city of Waco would suffice. However, in Fuller's case, it appeared that Waco was incorporated under the Enabling Act to the Home Rule Amendment to the Constitution. A charter was on file in the office of the secretary of state. It was held that the court would take judicial notice of the fact that Waco was incorporated. It is not clear that the statement in the present record is sufficient to show that Perryton was an incorporated city on the very day that appellant drove his car on Main street. However, in view of the fact that the case must be reversed on other grounds, we pretermit further discussion of the question. If another trial be had, definite proof of the fact of incorporation should be made.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.