J. B. FRANKS V. THE STATE.

No. 16262. Delivered January 31, 1934.
Reported in 68 S. W. (2d) 207.

The opinion states the case.

*Letcher D. King,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for murder; punishment, being 5 years in the penitentiary.

The name of the deceased was John D. Winters. Both he and appellant were negroes as also were all the fact witnesses save the officers. The killing occurred at Vernon, Wilbarger County, on the night of October 27, 1932, but the beginning of trouble and ill-feeling between appellant and deceased occurred in Waco, McLennan County. The statement of facts covers 100 closely typewritten pages. We regard it as unnecessary to set out the facts at great length. So far as the record reveals, appellant and deceased had been friends until in the summer of 1932, at which time trouble occurred between them because appellant reported to deceased's paramour that he was intimate with another woman. Subsequently they had another difficulty in which deceased cut appellant so severely that he was confined to his bed for about three weeks. Deceased had been in Vernon some three weeks before the killing occurred. Appellant arrived there during the afternoon before the killing that night. It was the state's theory that appellant was seeking deceased for the purpose of killing him and shot deceased because of the previous trouble in Waco. It was appellant's theory that he had no knowledge that deceased was in Vernon

until after his arrival there in the afternoon and that deceased was seeking an opportunity to kill appellant, and that the latter acted in self-defense in the encounter that resulted in deceased being killed. The theories of both the state and appellant find support in the testimony.

Bills of exception 2, 5, 8, 9, 10, and 11 are not briefed by appellant. Not being apprised whether appellant intends to abandon them, we have examined said bills and are of the opinion no reversible error is shown in any of them. The questions presented therein are not thought to be of sufficient moment to require discussion.

Bill of exception No. 1 reflects the following: Appellant objected to the testimony of Claudia Mae Calloway, Beechy Thomas, and Tom Ely regarding the two difficulties at Waco between appellant and deceased. No error was committed in admitting such evidence. "* * * Prior assaults * * * and former quarrels between the parties may be proven to show the state of mind and malice of accused at the time of the alleged offense, and to establish motive for its commission." "Details of the previous difficulties between the parties are admissible when such proof tends to show motive and tends to show who probably began the fatal difficulty." Branch's Ann. Tex. P. C., sec. 1881, under which is cited Howard v. State, 25 Texas App., 686, 8 S. W., 929, and many other cases. The evidence shows that the homicide grew directly out of the cutting of appellant by deceased in Waco. According to appellant's own statements attributed to him by state witnesses such cutting was the direct motive for the homicide. Branch's Ann. Tex. P. C., sec. 1882.

Bill of exception No. 3 brings forward complaint because evidence of Smith was admitted regarding a threat of appellant made at Waco in the presence of said witness. Objection was urged on the ground that the threat was not shown to have had reference to deceased. In the direct examination of Smith the name of deceased was not mentioned in connection with the threat. On cross-examination it was drawn from the witness by counsel for appellant that witness understood the threat to have been directed at deceased. To render admissible proof of a threat made by accused, it is not indispensable that the name of deceased be mentioned if it can be "reasonably gathered that deceased was meant." It will be noted that the threat testified to by Smith was couched in the identical language as that claimed to have been made to the witness Flakes in Taylor at which time deceased's name was mentioned. The entire record makes it reasonably certain that the threat about which

Smith testified was directed towards deceased. Branch's Ann. Tex. P. C., sec. 2072. Among many authorities cited under said section is Hardy v. State, 31 Texas Crim. Rep., 289, 20 S. W., 561.

Bills of exception 4, 6, and 7 bring forward complaint of admitting in evidence oral statements made by appellant to the officers. Officer Shipworth and Sheriff Rheay went together to the scene of the killing. Shipworth testified that upon arriving there a negro woman told them the negro who did the shooting was across the street and wanted to surrender; the officers walked across to where appellant was and witness asked if he was the negro who did the shooting and appellant replied, "I am, and here is the gun I did it with." The witness further testified that when appellant handed the gun to witness, he remarked, "You have a good gun," and appellant said in reply, "Yes, you may have it if you like it, I have no further use for it." Sheriff Rheay testified that when appellant surrendered witness asked him what the trouble came up over and that appellant said, "It was a fight that I had at Waco and that the negro I shot had cut him down there at Waco." Deacon Brown testified that he heard what was said by appellant and the officers at the time of the arrest and that when the sheriff asked appellant why he shot deceased appellant replied that they had some trouble in Waco and said, "I shot him because he stabbed me seven times in my back, I have even got the plasters on my back now." Objection was urged to proof of any statement made by appellant to the officers on the ground that he was under arrest, and that the state had not laid a proper predicate for such proof. The court qualified the bills with the statement that it was shown by other evidence that the statements were made before the officers "actually arrested" appellant and within 15 minutes after the shooting. We think the learned trial judge in such qualification gave too restrictive a meaning to the term "arrest." Under the holding in Little v. State, 100 Texas Crim. Rep., 167, 272 S. W., 456, and authorities therein referred to, appellant was under arrest. Unless proof of the statements attributed to him came within some of the exceptions, their admission was error. The officers could not fix the time of the shooting but said they were on the scene within 15 minutes after being notified of it. The evidence of appellant and his wife seem to bring the statements within the rule of res gestae. She testified that immediately after the shooting appellant told her to "phone the law," that he wanted to give up; she did not phone because some one had already phoned; that she and appellant were standing in the street when the

officers came. Her testimony on the point is quoted as follows: "It was just a few minutes after the shooting until the laws got there, it wasn't long; I don't hardly think it was ten minutes, they were right down there in a few minutes because my husband and I were standing there in the street when they drove up. They drove up on Lamar Street and my husband and I were standing in the street that runs by Bennett's Cafe, and my husband said, 'yonder they are now,' and we met the law in the streets."

We also quote appellant's own testimony as follows: "* * * It was pretty quick after the shooting when the officers came down there. I wouldn't say whether it was five or ten or fifteen minutes, because I don't know, I was scared, and I was still scared when the officers came down there. I was scared when I got up to the jail and I was scared when I shot him too."

From the present record we are of opinion the statements attributed to appellant were made under circumstances which characterized them as res gestae, and notwithstanding appellant was under arrest no error occurred in admitting proof of the statements. See Harrison v. State, 20 Texas App., 387, and many other cases cited under section 83, Branch's Ann. Tex. P. C.

Bill of exception No. 12 reflects the following occurrence: While appellant was testifying in his own behalf and upon his cross-examination by the district attorney appellant was asked if he had ever been indicted for murder, to which appellant replied, "No." The district attorney then said to appellant, "You did kill another man, didn't you?" Objection of appellant's counsel was sustained. In replying to the court's ruling the district attorney said, "I think I can prove that he is a violent man." Counsel for appellant said, "He is attempting to put the defendant's character in issue and we object to him trying to do so." The court sustained the objection but did not instruct the jury to disregard the matters complained of. The court in qualifying the bill says no such instruction was requested and if request had been made he would have given such instruction. The court further certifies that appellant at no time had put his character in issue. The occurrence of this incident is to be regretted. It presents a matter for which the judgment must be reversed, and for which the learned trial judge was in no wise responsible. The district attorney was within his rights so far as inquiring whether appellant had ever been indicted for murder or a similar felony. Proof of such an indictment, if not too remote, would have been admis-

sible upon the question of the weight to be given appellant's evidence before the jury. However, when the fact of such indictment was denied by appellant, the district attorney went too far in pressing the question to ascertain if appellant had not killed some other man. Such fact, if it was a fact, was not provable in the absence of indictment even as affecting appellant's credibility. Certainly it was not admissible as showing him to be a man of violent disposition. When the improper question was asked by the district attorney, counsel for appellant was placed in the position of either remaining silent and permitting his client to answer the improper question, or by objection leave with the jury the natural impression that the answer would have been unfavorable to appellant. The statement of the district attorney which followed intensified the hurt of the question, because it conveyed to the jury's mind that he could prove that appellant was a violent man if permitted to do so. The fact that the court was not requested to instruct the jury to disregard the incident does not in our opinion put the state in any more favorable light. The harm had already been done and it is doubtful if any instruction could have remedied the situation. Childress v. State, 92 Texas Crim. Rep., 215, 241 S. W., 1029; Coon v. State, 35 S. W. (2d) 419; Wall v. State, 37 S. W. (2d) 750, and cases therein cited. The facts presented in the bill under consideration are much like those appearing in Stages v. State, 47 S. W. (2d) 820. See, also, Hollingsworth v. State, 56 S. W. (2d) 869.

For the error pointed out, the judgment must be reversed and remanded, and it is so ordered.

*Reversed and remanded.*