## EZRA TROTTER v. THE STATE.

No. 22861. Delivered May 31, 1944.

The opinion states the case.

*Henry Russell* and *James D. Willis*, both of Pecos, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for murder with a sentence of fifteen years in the penitentiary.

It will not be necessary to give a full statement of the facts of the case in order to consider the one question which, in our view, requires a reversal of the case.

Appellant was charged with the murder of Robert G. Roney, a sergeant in the United States Army, stationed at Pyote Air Base. The killing took place on the main street of Balmorhea at a rather late hour at night. Some time prior to the shooting which resulted in the death of Roney, appellant's brother had an altercation with Roney's companion, a corporal named Eckley, who was a witness in the case. There is sharp dispute as to the manner in which the shooting took place and the immediate cause therefor, which fact made an issue on the question of malice. Appellant claimed self defense. While cross-examing the appellant, the State's attorney asked a series of questions fully set out in Bill of Exception No. 4. The procedure included in said bill is tersely and accurately summarized in the State's brief in the following language:

"The bill reflects that while the district attorney was cross-examining the defendant, in the presence and hearing of the jury he leaned forward and raised his voice, and, looking intently at the defendant, said to the defendant: 'You don't like soldiers—do you?' The defendant answered: 'I have no prejudice against soldiers. No.' Again, over the objection of the appellant's attorney, the district attorney propounded the following question in the same tone of voice and under the same conditions and surroundings, 'As a matter of fact, you have expressed animosity towards them as a group or class, haven't you?' And the defendant answered, 'No, sir.' And again the attorney for the appellant made a timely objection to the question and answer. At this juncture the court called the district attorney and defendant's attorney to the bench, and, in the presence and view, but not in the hearing, of the jury asked the district attorney if he expected to follow this line of in-

terrogation by proof by other witnesses that such statements had been made by the defendant and proof connecting same with the issues in this case, and the district attorney stated to the court: 'I expect to offer proof that such statements have been made, and proof connecting the matter inquired about with the issues in this case,' and the court thereupon stated that with such assurance 'I will permit this line of interrogation; but in the absence of such connecting evidence it is the court's opinion that such questions under the circumstances would be prejudicial to the defendant's right and would be calculated to inflame the minds of the jury and the court would not permit such questions.' Upon such assurance by the district attorney, the court overruled said objection to each of said questions, to which action of the court defendant then and there in open court excepted; and thereafter the district attorney, under the same surroundings and circumstances as the other questions, asked the appellant: 'You have never said to any of your friends, "I am going to learn how to fix those birds?" and the defendant answered "No, sir." The appellant's objection was again renewed and by the court overruled and exception reserved; and again, under the same circumstances and in the same tone of voice— in the presence and hearing of the jury—the district attorney asked, "Mr. Trotter, have you expressed to any person living in Balmorhea animosity towards soldiers generally in the present army?" and the defendant answered, "No, sir"; and again defendant's attorney, in open court, renewed his objection, which was overruled, and to the action of the court appellant excepted; and at the conclusion of the examination of appellant the district attorney—in the absence of the jury—stated to the court that he would not be able to introduce any evidence to show that the defendant did not like soldiers or to show that he had expressed animosity towards soldiers as a group or class, or to show that the defendant had stated, in referring to such soldiers, that he was going to learn how to fix those birds, or to show that the defendant had expressed animosity towards soldiers in the present army to any person in Balmorhea or elsewhere, and would not be able to introduce evidence to connect up the matter so inquired about with the issues in this case; and thereupon the court stated that in view of such statements he must instruct the jury not to consider such statements for any purpose, and sustained the defendant's objection to the questions asked, because, in the court's opinion, such questions were prejudicial to the rights of the defendant."

The bill embracing the foregoing was approved by the court without qualification. It readily appears that the court certified

error in that he said such questions were prejudicial and highly inflammatory. The careful trial court did what he could·by instructing the jury not to consider· such questions. However, we believe that he committed error in failing to grant appellant's motion for a new trial based on the things set forth in said bill.

We have fully considered the circumstances pictured in the bill and revealed by the record of the case, and it is our view that the trial court was correct in his statement that such questions were improper, prejudicial, and inflammatory. It follows, under numerous holdings of this court that the harm done could not be removed from the minds of the jury by the instructions which the court gave. Branch's P. C., page 204, Sec. 362; Newton v. State, 275 S. W. 1055; Childress v. State, 241 S. W. 1029; Coon v. State, 35 S. W. (2d) 419; Hunter v. State, 18 S. W. (2d) 1084; Hollingsworth v. State, 56 S. W. (2d) 869.

Other matters complained of will probably not occur upon another trial of the case and, consequently, are not passed upon.

The judgment of the trial court is reversed and the cause is remanded.